■ In the Matter of DAVID JONES, Respondent, v USHA NOHAR, Appellant. [968 NYS2d 391]—

In a custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Westchester County (Schauer, J.), dated August 21, 2012, as, after a hearing, granted the father's petition to modify an order of the same court dated July 27, 2009, so as to award the father sole physical custody of the subject child with visitation to her.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

A change of custody should be made only if the totality of the circumstances warrants a modification (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 95-96 [1982]). "[W]here parents enter into an agreement concerning custody it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the [child]" (*McNally v McNally*, 28 AD3d 526, 527 [2006] [internal quotation marks omitted]). In determining whether an agreement entered into by the parents with respect to custody should be modified, a court must consider "the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the length of time the present custody arrangement has been in effect" (*Matter of Krebsbach v Gallagher*, 181 AD2d 363, 364 [1992] [citations omitted]; *see Matter of Salvati v Salvati*, 221 AD2d 541 [1995]). "Since custody determinations turn in large part on assessments of the credibility, character, temperament and sincerity of the parties, the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Chery v Richardson*, 88 AD3d 788, 788 [2011]).

Here, the Family Court's determinations that there had been a sufficient change in circumstances and that it was in the subject child's best interests to award sole physical custody to the father had a sound and substantial basis in the record (*see Matter of O'Loughlin v Sweetland*, 98 AD3d 983, 984 [2012]).

Under the circumstances of this case, the Family Court did not improvidently exercise its discretion in declining to direct independent forensic evaluations, as the court possessed sufficient information to render an informed decision regarding custody consistent with the subject child's best interests (*see Matter of Rhodie v Nathan*, 67 AD3d 687 [2009]).

The mother's remaining contention is unpreserved for appellate review and, in any event, without merit. Rivera, J.P., Skelos, Leventhal and Lott, JJ., concur.