In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Nassau County (Phillips, *1069 Ct. Atty. Ref.), dated March 30, 2012, as, after a hearing, granted the father’s cross petition to modify a prior order of the same court dated May 23, 2008, awarding the parties joint legal custody of the subject child, with physical custody to the mother, so as to award the father sole legal and physical custody of the child.
Ordered that the order dated March 30, 2012, is affirmed insofar as appealed from, with costs to the respondent.
In a custody and visitation order dated May 23, 2008, which recited that it was made “pursuant to an agreement by the parties,” the Family Court, inter alia, directed that “the parties shall have joint legal custody of the minor child, with residential custody to [the mother].” The mother now appeals from an order which modified the terms of order dated May 23, 2008, so as to award the father sole legal and physical custody.
“ ‘[W]here parents enter into an agreement concerning custody it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the [child]’ ” (McNally v McNally, 28 AD3d 526, 527 [2006], quoting Smoczkiewicz v Smoczkiewicz, 2 AD3d 705, 706 [2003] [some internal quotation marks omitted]; see Matter of Gaudette v Gaudette, 262 AD2d 804, 805 [1999]). A change of custody should be made only if the totality of the circumstances warrants a modification (see Friederwitzer v Friederwitzer, 55 NY2d 89, 95-96 [1982]; see also Matter of Nava v Kinsler, 85 AD3d 1186, 1186 [2011]; Matter of Harris v Carter, 66 AD3d 780 [2009]). “In this regard, the court should consider whether the alleged changed circumstances indicate one of the parties is unfit, the nature and quality of the relationships between the child and the parties, and the existence of a prior agreement” (Matter of Fallarino v Ayala, 41 AD3d 714, 715 [2007]). Since custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the Family Court’s determination should not be disturbed unless it lacks a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167, 173-174 [1982]; Matter of Paul T. v Ann-Marie T., 75 AD3d 788 [2010]).
Here, the Family Court’s determinations that there had been a sufficient change in circumstances since it issued the custody and visitation order dated May 23, 2008, and that a transfer of sole custody to the father would be in the child’s best interests, had a sound and substantial basis in the record and, thus, should not be disturbed (see Matter of Tobar v Velez-Molina, 95 AD3d 1224, 1224-1225 [2012]; Matter of Harris v Carter, 66 *1070 AD3d 780 [2009]; Matter of Battista v Fasano, 41 AD3d 712, 713 [2007]; Matter of Galanos v Galanos, 28 AD3d 554, 555 [2006]). In particular, the record supports the Family Court’s conclusion that the mother “failed to demonstrate that she has the ability to nurture the child’s relationship with [his father].” Indeed, the mother’s relocation to Nassau County without notifying the father, and her travels with the child to Florida in contravention of a court order that specifically prohibited her from removing the child from New York State, are evidence that the mother is dismissive of the child’s relationship with his father. On the other hand, there was evidence adduced which demonstrated the father’s willingness to foster the relationship between the child and his mother (see Matter of Gloria S. v Richard B., 80 AD2d 72, 77 [1981]).
Accordingly, the Family Court properly granted the father’s cross petition (see Matter of Aaron W. v Shannon W., 96 AD3d 960 [2012]; Matter of Picado v Doan, 90 AD3d 932 [2011]; Matter of Manfredo v Manfredo, 53 AD3d 498, 499 [2008]; Matter of Rodriguez v Irizarry, 29 AD3d 704 [2006]). Rivera, J.P., Sgroi, Cohen and Hinds-Radix, JJ., concur.