In a child custody proceeding pursuant to Family Court Act article 6, and a related family offense proceeding pursuant to Family Court Act article 8, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Nassau County (Eisman, J.), dated November 8, 2012, as, after a hearing, granted the father’s petition to modify the parties’ stipulation of settlement dated April 25, 2007, which was incorporated but not merged in a judgment of divorce entered January 23, 2008, so as to award him sole custody of the subject child.
*775 Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.
When parents enter into an agreement concerning custody, it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the child (see Matter of Cornejo v Salas, 110 AD3d 1068 [2013]; Matter of Jones v Nohar, 108 AD3d 631 [2013]). A change in custody should be made only if the totality of the circumstances warrants a modification (see Matter of Cornejo v Salas, 110 AD3d 1068 [2013]; Matter of Jones v Nohar, 108 AD3d 631 [2013]). The court should consider whether the alleged changed circumstances indicate that one of the parties is unfit, the nature and quality of the relationships between the child and the parties, and the existence of a prior agreement (see Matter of Wilson v McGlinchey, 2 NY3d 375, 381 [2004]; Matter of Cornejo v Salas, 110 AD3d 1068 [2013]; Matter of Conway v Gartmond, 108 AD3d 667 [2013]; Matter of Cooper v Robertson, 97 AD3d 743 [2012]). Since custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the Family Court’s determination should not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Cornejo v Salas, 110 AD3d 1068 [2013]; Matter of Jones v Nohar, 108 AD3d 631 [2013]; Matter of Lawlor v Eder, 106 AD3d 739 [2013]).
Here, the father established that there had been a sufficient change in circumstances since the time of the stipulation. Specifically, he demonstrated that the mother had interfered with his relationship with the child, such that a modification in the custody arrangement was in the best interests of the child. The mother’s unfounded allegations of sexual abuse of a child that she made against the father were an act of interference with the parent-child relationship so inconsistent with the best interests of the child as to raise a strong probability that the mother is unfit to act as custodial parent (see Matter of KhanSoleil v Rashad, 111 AD3d 728 [2013]; Matter of McClurkin v Bailey, 78 AD3d 707 [2010]; Mohen v Mohen, 53 AD3d 471 [2008]; Matter of Honeywell v Honeywell, 39 AD3d 857 [2007]; Matter of Perez v Sepulveda, 21 AD3d 558 [2005]; Matter of Gago v Acevedo, 214 AD2d 565 [1995]). The mother’s conduct here in making these unfounded allegations demonstrated a purposeful placement of her self-interest above the interests of others (see Mohen v Mohen, 53 AD3d 471 [2008]; Cucinello v Cucinello, 234 AD2d 365 [1996]). The record shows that the father is more likely than the mother to foster a relationship *776 between the child and the noncustodial parent (see Matter of O’Loughlin v Sweetland, 98 AD3d 983 [2012]; Matter of Caravella v Tóale, 78 AD3d 828 [2010]). The mother’s unfounded allegations of sexual abuse of a child, along with her other acts of interference in the relationship between the father and child since the stipulation, established a sound and substantial basis for the Family Court’s determination that there had been a sufficient change in circumstances warranting a modification of the custody arrangement in the child’s best interests. Balkin, J.E, Sgroi, Cohen and LaSalle, JJ., concur.