■ In the Matter of José Antonio Lazo, Appellant, v Olga Cherrez, Respondent. (Proceeding No. 1.) In the Matter of Olga Cherrez, Respondent, v José Antonio Lazo, Appellant. (Proceeding No. 2.) [995 NYS2d 140]—

In related child custody proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Queens County (Negron, Ct. Atty. Ref.), dated March 5, 2013, as, after a hearing, in effect, dismissed his petition to modify an order of the same court dated September 23, 2008, so as to award him sole legal and physical custody of the subject children, and granted that branch of the mother's petition which was to modify the order dated September 23, 2008, so as to award her sole legal and physical custody of the children.

Ordered that the order dated March 5, 2013, is affirmed insofar as appealed from, without costs or disbursements.

In an order dated September 23, 2008, entered on the parties' consent, the Family Court awarded the parties joint legal custody of their two children, with the mother to have physical custody of the children (hereinafter the joint custody order). The joint custody order also provided for the father to have certain visitation, which consisted primarily of alternate weekends from Friday evening until Monday morning, and certain holidays and other specified days, including partial summer vacation.

Less than two months after the joint custody order was entered, the father filed a modification petition, seeking sole legal and physical custody of the children, based on the mother's alleged parental alienation of him and her alleged inability to function as a parent.

In December 2009, the mother filed a violation/modification petition, seeking sole legal and physical custody of the children, and for the father's visitation to henceforth exclude weekdays, based on allegations that the father was psychologically unstable. The petition alleged, inter alia, that the father's refusal to cooperate with the mother had made joint custody impossible.

The Court Attorney Referee conducted numerous hearings on the competing petitions for modification, at which the court-assigned forensic evaluator testified, and her two reports were admitted into evidence. The Family Court determined that a change in circumstances existed, which demonstrated that the parties were no longer able to jointly parent the children. In the order appealed from, the Family Court, in effect, dismissed the father's petition and granted that branch of the mother's petition which was to modify the joint custody order, and awarded the mother sole legal and physical custody of the children. We affirm.

"[W]here parents enter into an agreement concerning custody

it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the [child]" (*Matter of Cornejo v Salas*, 110 AD3d 1068, 1069 [2013] [internal quotation marks omitted]; *see McNally v McNally*, 28 AD3d 526, 527 [2006]; *Matter of Fargasch v Alves*, 116 AD3d 774 [2014]).

In determining whether such a change exists, the court must determine whether the totality of the circumstances justifies modification (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 95-96 [1982]; *Matter of Fargasch v Alves*, 116 AD3d at 774; *Matter of Nava v Kinsler*, 85 AD3d 1186 [2011]; *Matter of Morton v Morton*, 158 AD2d 458 [1990]). The factors to be considered include whether the alleged change in circumstances suggests that one of the parties is unfit to parent, the nature and quality of the relationships between the child and each of the parties, the ability of each parent to provide for the child's emotional and intellectual development, the parental guidance that the custodial parent provides for the child, and the effect of awarding custody to one parent on the child's relationship with the other parent (*see Matter of Fargasch v Alves*, 116 AD3d at 774; *Matter of Islam v Lee*, 115 AD3d 952 [2014]; *Matter of Cornejo v Salas*, 110 AD3d at 1068). Another factor of particular importance is that custody determinations depend in large part on the court's assessment of the credibility, character, temperament, and sincerity of the parties, which should not be disturbed unless the determination lacks a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d 167, 173-174 [1982]; *Matter of Fargasch v Alves*, 116 AD3d at 774; *Matter of Islam v Lee*, 115 AD3d at 952; *Matter of Cornejo v Salas*, 110 AD3d at 1068; *Matter of Ramirez v Velez*, 78 AD3d 1062 [2010]).

The mother established that a sufficient change in circumstances had occurred since the time that the parties entered into the joint custody order. First, the mother demonstrated that the father refused to communicate with her and persisted in using their teenaged son as an intermediary to convey written directives to her in English, which the mother does not speak. The mother also established that the father contacted and informed their son's teacher that the mother was interfering with the father's custody, that the father would show up at their home on various pretexts, without notice, to visit the children, and that he would readily violate the joint custody order by refusing to return the children in conformance with the visitation schedule, even when requested to do so by the police, whom the mother was required to call on one occasion for assis-

tance. Further, the father evicted the mother and the children from the Queens home that he owned, where they had lived for nine years, rent-free, used the eviction to seek temporary custody of the children, and also attempted to prevent the mother from relocating with the children to New Jersey to live with extended family. The forensic evaluator submitted a comprehensive evaluation of the family in 2005, which she updated during these proceedings, and testified at trial that the father's conduct demonstrated a wholesale disregard of his responsibilities as joint custodian of the children and a failure to consider the children's best interests before proceeding in his own self-interest, often to the children's detriment. The evidence also showed that the mother supported the father's relationship with the children and would continue to do so. Accordingly, the Family Court's determination had a sound and substantial basis in the record and should not be disturbed (*see Matter of Fargasch v Alves*, 116 AD3d at 776; *Matter of Islam v Lee*, 115 AD3d at 953-954; *Harris v Harris*, 112 AD3d 887, 888 [2013]; *Matter of Cornejo v Salas*, 110 AD3d at 1069-1070; *Matter of Conway v Conway*, 89 AD3d 936, 937 [2011]; *cf. Matter of Holden v Cardozo*, 8 AD3d 567, 568 [2004]). Balkin, J.P., Leventhal, Chambers and Hinds-Radix, JJ., concur.