■ In the Matter of SYLVIA MOROCHO, Appellant, v MARKOS JORDAN, Respondent. [999 NYS2d 172]—

Appeals from two orders of the Family Court, Queens County (Julie Stanton, Ct. Atty. Ref.), both dated January 31, 2014. The first order denied the mother's petition to modify a prior order of custody of that court so as to award her sole custody of the parties' child. The second order, insofar as appealed from, directed that the mother's visitation with the parties' child be supervised by the child's maternal grandmother.

Ordered that the first order is affirmed, without costs or disbursements; and it is further,

Ordered that the second order is affirmed insofar as appealed from, without costs or disbursements.

In adjudicating custody and visitation rights, the best interests of the child is the paramount factor to be considered (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Graziani C.A. [Lisa A.]*, 117 AD3d 729 [2014]; *Matter of Islam v Lee*, 115 AD3d 952, 953 [2014]; *Matter of Boggio v Boggio*, 96 AD3d 834, 835 [2012]). Thus, "[m]odification of an existing[,] court-sanctioned custody arrangement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the continued best interests of the child[ ]" (*Matter of Graziani C.A. [Lisa A.]*, 117 AD3d at 730; *see Matter of Cornejo v Salas*, 110 AD3d 1068 [2013]; *Matter of Chery v Richardson*, 88 AD3d 788 [2011]). The court must consider the totality of the circumstances, including whether the alleged change in circumstances suggests that one of the parties is unfit to parent, each parent's ability to provide

for the child's emotional and intellectual development, and the nature and quality of the relationships the child has with each of the parents (*see Eschbach v Eschbach*, 56 NY2d at 171; *Matter of Graziani C.A. [Lisa A.]*, 117 AD3d 729 [2014]; *Matter of Fargasch v Alves*, 116 AD3d 774, 775 [2014]; *Matter of Islam v Lee*, 115 AD3d at 953; *Matter of Cornejo v Salas*, 110 AD3d at 1069). In addition, as custody determinations depend in large part on the court's assessment of the credibility, character, temperament, and sincerity of the parties, the court's determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d at 173-174; *Matter of Graziani C.A. [Lisa A.]*, 117 AD3d at 729-730; *Matter of Fargasch v Alves*, 116 AD3d at 775; *Matter of Islam v Lee*, 115 AD3d at 953; *Matter of Cornejo v Salas*, 110 AD3d at 1069).

Contrary to the mother's contention, the Family Court's determination that the child's best interests would be served by continuing the child's custody with the father is supported by a sound and substantial basis in the record. Accordingly, we decline to disturb that determination (*see Matter of Graziani C.A. [Lisa A.]*, 117 AD3d at 729-730).

The Family Court's determination that the child's best interests would be served by having the child's maternal grandmother supervise the mother's visitation with the child was based, in part, on the court's consideration of the wishes of the child, who was 12 years old and sufficiently mature to express her wishes to the court during an in camera interview (*see Iacono v Iacono*, 117 AD3d 988 [2014]; *Matter of Mohabir v Singh*, 78 AD3d 1056 [2010]). That determination also has a sound and substantial basis in the record, and we decline to disturb it. Hall, J.P., Cohen, Hinds-Radix and LaSalle, JJ., concur.