■ In the Matter of JAMES D. MIEDEMA, Appellant, v REBECCA MIEDEMA, Respondent. (Proceeding No. 1.) In the Matter of REBECCA MIEDEMA, Respondent, v JAMES D. MIEDEMA, Appellant. (Proceeding No. 2.) [4 NYS3d 291]—

Appeal from an order of the Family Court, Orange County (Debra J. Kiedaisch, J.), entered November 19, 2013. The order, insofar as appealed from, after a hearing, granted the mother's petition to modify a prior order of that court which awarded the parties joint legal custody of the subject children, with physical custody to the father, so as to award the mother sole legal and physical custody of the subject children, with visitation to the father.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In a prior order, the parties entered into a so-ordered stipulation providing for a joint custody arrangement, with physical custody to the father.

A court-sanctioned agreement between parents concerning custody will not be modified unless there is a sufficient change in circumstances since the time of the agreement and unless modification is in the best interests of the child (see *Matter of O'Shea v Parker*, 116 AD3d 1051 [2014]). In determining whether such a custody agreement should be modified, the court must "weigh several factors of varying degrees of importance, including, inter alia, (1) the original placement of the child, (2) the length of that placement, (3) the child's desires, (4) the relative fitness of the parents, (5) the quality of the home environment, (6) the parental guidance given to the child, (7) the parent's financial status, and (8) his or her ability to provide for the child's emotional and intellectual development" (*Matter of Shehata v Shehata*, 31 AD3d 773, 774 [2006]; see *Cuccurullo v Cuccurullo*, 21 AD3d 983, 984 [2005]). Further relevant considerations include "whether the change in circumstances implicates the fitness of the custodial parent, or affects

the nature and quality of the relationship between the children and the noncustodial parent" (*Matter of Said v Said*, 61 AD3d 879, 880 [2009]). Here, the evidence established that the Family Court's determination that a change in circumstances warranted modification of the existing custody order to ensure the children's best interests had a sound and substantial basis in the record.

Accordingly, we affirm the order insofar as appealed from. Skelos, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.