■ In the Matter of CHARLES CONNOLLY, Respondent, v KIM WALSH, Appellant. DILLON CONNOLLY, Nonparty Appellant. [5 NYS3d 241]—

In a child custody proceeding pursuant to Family Court Act article 6, Kim Walsh and Dillon Connolly appeal, as limited by their respective briefs, from so much of an amended order of the Supreme Court, Kings County (Henry, J.), dated July 2, 2013, as, after a hearing, in effect, granted that branch of the father's petition which was to modify a prior order of custody of the Family Court, Kings County, dated July 11, 2008, so as to transfer sole legal and physical custody of the subject child to him. By decision and order on motion dated August 14, 2013, this Court granted those branches of the separate motions of Kim Walsh and Dillon Connolly which were to stay enforcement of the order dated July 2, 2013, pending hearing and determination of the appeals.

Ordered that the amended order is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and that branch of the father's petition which was to modify a prior order of custody of the Family Court, Kings County, dated July 11, 2008, so as to transfer sole legal and physical custody of the subject child to him, is denied.

The parents of the subject child were never married. In an order dated July 11, 2008 (hereafter the prior order), entered on the parties' consent, the Family Court awarded the mother sole custody of the child, with liberal visitation to the father. The father commenced this proceeding to modify the prior order so as to award him sole legal and physical custody of the child. The father alleged that the mother has repeatedly violated the prior order by withholding the child from scheduled visitation and has failed to notify him of important educational and mental health issues affecting the child. He also alleged that the mother engaged in behavior designed to interfere with his access to and relationship with his son to the point where the child no longer wishes to have any contact with him. Following a hearing, the Supreme Court granted the father's petition.

In adjudicating custody and visitation rights, the best interests of the child is the paramount factor to be considered (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Graziani C.A. [Lisa A.], 117 AD3d 729 [2014]; Matter of Islam v Lee, 115 AD3d 952, 953 [2014]; Matter of Boggio v Boggio, 96 AD3d 834, 835 [2012]). Thus, "[m]odification of an existing[,] court-sanctioned custody arrangement is permissible only upon

a showing that there has been a change in circumstances such that modification is necessary to ensure the continued best interests of the child[ ]" (*Matter of Graziani C.A. [Lisa A.]*, 117 AD3d at 730; *see Matter of Cornejo v Salas*, 110 AD3d 1068 [2013]; *Matter of Chery v Richardson*, 88 AD3d 788 [2011]). In determining whether such a change exists, the court must determine whether the totality of the circumstances justifies modification (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 95-96 [1982]; *Matter of Fargasch v Alves*, 116 AD3d 774 [2014]; *Matter of Nava v Kinsler*, 85 AD3d 1186 [2011]; *Matter of Morton v Morton*, 158 AD2d 458 [1990]). The factors to be considered include whether the alleged change in circumstances suggests that one of the parties is unfit to parent, the nature and quality of the relationships between the child and each of the parties, the ability of each parent to provide for the child's emotional and intellectual development, the parental guidance that the custodial parent provides for the child, and the effect an award of custody to one parent might have on the child's relationship with the other parent (*see Matter of Fargasch v Alves*, 116 AD3d at 774; *Matter of Islam v Lee*, 115 AD3d 952 [2014]; *Matter of Cornejo v Salas*, 110 AD3d at 1068).

While this Court accords great deference on appeal to the fact-finder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Noonan v Noonan*, 109 AD3d 827, 828 [2013]), in custody matters, this Court's authority is as broad as that of the hearing court (*see Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946, 947 [1985]; *Matter of Larkin v White*, 64 AD3d 707, 708 [2009]; *Matter of Hyde v King*, 47 AD3d 813, 814 [2008]; *Matter of Esposito v Shannon*, 32 AD3d 471, 474 [2006]). "Although the determination of the hearing court which saw and heard the witnesses is entitled to great deference, its determination will not be upheld where it lacks a sound and substantial basis in the record" (*Matter of Sparacio v Fitzgerald*, 73 AD3d 790, 791 [2010]; *see Matter of Summer A.*, 49 AD3d 722, 726 [2008]; *Marcantonio v Marcantonio*, 307 AD2d 740, 741 [2003]).

Here, the Supreme Court's determination that a modification of the parties' child custody arrangement so as to award the father sole legal and physical custody of the subject child was in the child's best interests is not supported by a sound and substantial basis in the record. Insufficient weight was given to the undisputed fact that the father voluntarily ceased all contact with the child during the two-year period preceding the date of the order appealed from. Although the child's estrangement from the father was due, in part, to the mother's own

conduct, the father also played a role in the estrangement, including, among other things, his voluntary two-year absence from the child's life and his rejection of repeated offers to engage in therapeutic visitation to reconcile his relationship with the child (*see Matter of Curley v Klausen*, 110 AD3d 1156 [2013]; *Matter of Dempsey v Arreglado*, 95 AD3d 1388 [2012]; *Matter of Roelofsen v Tiberie*, 64 AD3d 603 [2009]). While the child's school performance and behavior has declined since the entry of the prior order, and may well have been caused, at least in part, by the acrimony that characterizes the present state of the parties' relationship, no competent evidence has been presented that this decline is due to how the mother interacts with the child (*see Matter of Bouwens v Bouwens*, 86 AD3d 731, 732-733 [2011]). Furthermore, the Supreme Court gave undue weight to the court-appointed forensic evaluator's report, which was prepared nearly 18 months prior to when the Supreme Court rendered its decision, with the last interview conducted almost two years prior thereto (*see Matter of Noonan v Noonan*, 109 AD3d at 829). Moreover, the Supreme Court failed to accord sufficient weight to the child's need for stability and the impact of uprooting him from the mother's residence (*see Matter of Lombardi v Valenti*, 120 AD3d 817, 819 [2014]). Rather, the evidence demonstrates that it would be in the best interests of the now almost 11-year-old child, who had been in the primary physical custody of the mother since birth, to remain with the mother (*see id.* at 819). Accordingly, the Supreme Court should have denied that branch of the father's petition which was to modify the parties' child custody arrangement so as to award him sole legal and physical custody of the parties' child.

In light of our determination, we need not address the mother's remaining contention. Dillon, J.P., Dickerson, Cohen and Barros, JJ., concur.