■ In the Matter of Kelly A. Moore, Appellant, v Juan Jose Gonzalez, Respondent. [21 NYS3d 292]—

Appeal from an order of the Family Court, Suffolk County (Matthew M. Deedy, Ct. Atty. Ref.), dated December 16, 2014. The order, insofar as appealed from, after a hearing, in effect, denied, with prejudice, that branch of the mother's petition which was to modify a prior order of custody and visitation of the same court (William Burke, Ref.) dated February 16, 2012, so as to award her sole legal custody of the parties' children.

Ordered that the order dated December 16, 2014, is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, that branch of the mother's petition which was to modify the prior order of custody and visitation dated February 16, 2012, so as to award her sole legal custody of the parties' children is granted, and the matter is remitted to the Family Court, Suffolk County, for the entry of a new order of custody and visitation consistent with the determination herein.

The parties, who were never married, have two children together. On February 16, 2012, the parties consented to the

entry of an order of custody and visitation which provided, inter alia, that the parties would share joint legal custody of the children, with residential custody to the mother, and parenting time to the father. On July 3, 2014, the mother filed a petition, inter alia, to modify the order of custody and visitation so as to award her sole legal custody of the children and to require therapeutic supervised visitation for the father. On August 13, 2014, the father filed a petition to modify the order of custody and visitation so as to award him sole legal and residential custody of the children. In the order appealed from, the Family Court, after a hearing, in effect, denied, with prejudice, both petitions, finding that neither party had sufficiently demonstrated a substantial change in circumstances since the date of the last order warranting a modification. The mother appeals, as limited by her brief, from so much of the order as, in effect, denied that branch of her petition which was to modify the order of custody and visitation so as to award her sole legal custody of the children.

The Family Court erred in denying the subject branch of the mother's petition. To modify an existing custody order, the parent seeking the modification must establish a substantial change in circumstances since the initial custody determination such that the modification is necessary to protect the best interests of the child (*see Matter of Ruiz v Sciallo*, 127 AD3d 1205, 1206 [2015]; *Matter of Connolly v Walsh*, 126 AD3d 691, 692-693 [2015]; *Matter of Miedema v Miedema*, 125 AD3d 971, 971 [2015]). In determining whether such a change has occurred, the court should consider the totality of the circumstances, including whether the alleged change in circumstances suggests that one of the parties is unfit to parent, the nature and quality of the relationships between the child and each of the parties, the ability of each parent to provide for the child's emotional and intellectual development, the parental guidance that the custodial parent provides for the child, and the effect an award of custody to one parent might have on the child's relationship with the other parent (*see Matter of Connolly v Walsh*, 126 AD3d at 693; *Matter of Lazo v Cherrez*, 121 AD3d 999, 1001 [2014]).

The evidence adduced at the hearing established that a substantial change in circumstances had occurred since the February 16, 2012, order of custody and visitation was issued such that modification of that order is necessary to protect the best interests of the children. The parties' relationship was strained when they entered into the custody and visitation agreement, and it subsequently deteriorated to the point that

they do not communicate at all, and do not engage in joint decision making with respect to the children. Therefore, joint legal custody is no longer feasible (*see Matter of D'Amico v Corrado,* 129 AD3d 718, 719 [2015]; *Filippi v Filippi,* 118 AD3d 939, 940 [2014]; *Matter of O'Loughlin v Sweetland,* 98 AD3d 983, 984 [2012]). Joint custody is inappropriate where, as here, the parties are antagonistic toward each other, do not communicate at all, and have demonstrated an inability to cooperate on matters concerning the children (*see Matter of Florio v Niven,* 123 AD3d 708, 710 [2014]; *Matter of Lawrence v Davidson,* 109 AD3d 826, 826 [2013]; *Matter of Wright v Kaura,* 106 AD3d 751, 751 [2013]). The continued deterioration of the parties' relationship is a change in circumstances warranting a change in the present joint custody arrangement (*see Anonymous 2011-1 v Anonymous 2011-2,* 102 AD3d 640, 641-642 [2013]; *Matter of Nikki O. v William N.,* 64 AD3d 938, 939 [2009]).

The totality of the circumstances justifies modifying the order of custody and visitation so as to award sole legal custody of the children to the mother. The mother, as the residential parent, has more involvement with the children's needs on a day to day basis. Moreover, the record shows that the mother made decisions about the children's educational needs, while the father denied that any such educational needs existed.

Although the credibility determination of the hearing court, which saw and heard the witnesses, is entitled to great deference, its custody determination will not be upheld where it lacks a sound and substantial basis in the record (*see Matter of Connolly v Walsh,* 126 AD3d at 693). Contrary to the Family Court's determination, the mother established a substantial change in circumstances to warrant awarding her sole legal custody of the children. Thus, the Family Court should have granted that branch of the mother's petition which was for sole legal custody of the children, leaving undisturbed the provisions of the order awarding residential custody to the mother and visitation to the father (*see Matter of Hirtz v Hirtz,* 108 AD3d 712, 715 [2013]).

As the custodial parent, the mother is obligated to foster a meaningful relationship between the children and the father (*see Matter of O'Loughlin v Sweetland,* 98 AD3d at 984; *Matter of Adams v Perryman,* 35 AD3d 852, 853 [2006]), which includes keeping the father informed about major issues relating to the children's health, education, religious upbringing and welfare. The record reflects that, due to their inability to communicate in the past, the mother failed to consult with or

inform the father about major decisions she made concerning the children. Accordingly, together with the award of sole legal custody to the mother, the Family Court must include a provision in the new order of custody and visitation directing the mother to report to the father, in writing, any major decision she makes concerning the children's health, education, religious upbringing, and welfare (*see Chamberlain v Chamberlain*, 24 AD3d 589, 592 [2005]). In addition, the new order of custody and visitation must include the visitation schedule for the father set forth in the order of custody and visitation dated February 16, 2012. Eng, P.J., Balkin, Cohen and Duffy, JJ., concur.