■ MARK MUSACHIO, Respondent, v ANNMARIE MUSACHIO, Appellant. [26 NYS3d 591]—

Appeals from (1) stated portions of a judgment of the Supreme Court, Suffolk County (Carol MacKenzie, J.), dated December 21, 2011, and (2) an order of that court dated July 30, 2012. The judgment, inter alia, modified the parties' stipulation of settlement by granting the plaintiff permanent sole legal and residential custody of the parties' two daughters. The

order, after a hearing, inter alia, granted the plaintiff's motion to terminate his child support obligation for the parties' two sons on the ground of constructive emancipation.

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The parties to this matrimonial action entered into a stipulation of settlement dated August 15, 2006, which was "so-ordered" and which was to survive and not merge into any subsequent judgment of divorce. Pursuant to the stipulation of settlement, the parties agreed to joint custody of their four children, with the defendant having residential custody.

By order dated February 29, 2008, the Supreme Court, after a hearing, granted the plaintiff's application for temporary sole custody of all four children and suspended his child support obligations after finding that the defendant had extensively interfered with the plaintiff's relationship with the children. That order was subsequently reversed by this Court on the ground that a temporary transfer of custody was not in the best interests of the children, and this Court remitted the matter to the Supreme Court for a hearing "on the issue of implementing the recommendations of the current court-appointed therapist for the treatment of alienation and the reparation of the relationship between the children and the plaintiff" (*Musachio v Musachio*, 53 AD3d 600, 602 [2008]). Thereafter, by order dated February 24, 2009, the Supreme Court, after conducting a hearing, as directed by this Court, granted temporary sole custody of the parties' two daughters to the plaintiff.

On December 21, 2011, a judgment of divorce was entered which, inter alia, after a hearing, and upon a decision dated April 7, 2011, modified the parties' stipulation of settlement by granting the plaintiff permanent sole legal and residential custody of the parties' two daughters. By order dated July 30, 2012, the Supreme Court, inter alia, granted the plaintiff's motion to terminate his child support obligation for the parties' two sons on the ground of constructive emancipation. The defendant appeals from stated portions of the judgment and from the order dated July 30, 2012.

A party seeking the modification of an existing court-ordered child custody arrangement has the burden of demonstrating that circumstances have changed since the initial custody determination to the extent that modification is necessary to

ensure the child's best interests (*see Matter of Klotz v O'Connor*, 124 AD3d 662, 662-663 [2015]). A court's paramount concern in any custody dispute is whether, under the totality of the circumstances, a transfer of custody is in the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Hutchinson v Johnson*, 134 AD3d 1115 [2015]). Custody determinations turn in large part on assessments of the credibility of the parties, and a court's determination will not be disturbed unless lacking a sound and substantial basis in the record (*see Matter of Fargasch v Alves*, 116 AD3d 774, 775 [2014]).

Here, the Supreme Court's determination that the plaintiff demonstrated a change in circumstances such that modification of the stipulation of settlement so as to award the plaintiff permanent sole legal and residential custody of the parties' two daughters was necessary to ensure their best interests has a sound and substantial basis in the record (*see Matter of Cisse v Graham*, 120 AD3d 801, 803 [2014], *affd* 26 NY3d 1103 [2016]; *Matter of Fargasch v Alves*, 116 AD3d at 775; *Matter of Feliccia v Spahn*, 108 AD3d 702, 703 [2013]). The record demonstrates that the defendant interfered in the relationship between the plaintiff and the parties' daughters in a manner inconsistent with the best interests of these children, and also demonstrates that the plaintiff is more likely than the defendant to foster a relationship between the parties' daughters and the noncustodial parent (*see Matter of Fargasch v Alves*, 116 AD3d at 776).

The defendant's remaining contentions are without merit. Rivera, J.P., Austin, Sgroi and Barros, JJ., concur.