■ Aaron Elkin, Appellant, v Andrea Labis, Respondent. [48 NYS3d 664]—

Order, Supreme Court, New York County (Ellen Gesmer, J.), entered April 23, 2015, which, among other things, denied plaintiff father's motion to hold defendant mother in contempt, and granted so much of defendant's cross motion as sought counsel fees to the extent of ordering plaintiff to pay to defendant's attorneys the sum of $2,000; and order, same court and Justice, entered April 28, 2015, which, among other things, granted plaintiff's motion for an order directing certain relief only to the extent of appointing, in an order entered April 29, 2015, Dr. Jo Hariton to conduct therapeutic visits between plaintiff and the parties' child, and otherwise denied the motion; and order, same court and Justice, entered April 29, 2015, which, among other things, directed plaintiff to arrange six therapeutic visits between him and the child with Dr. Hariton, unanimously affirmed, without costs.

Plaintiff failed to establish any basis for the motion court to order defendant to bring the child to the courtroom (Domestic Relations Law § 70). Nor did plaintiff establish any change in circumstance warranting the reassessment or updating of the parenting plan (*Matter of Moore v Gonzalez*, 134 AD3d 718, 719 [2d Dept 2015]). An evidentiary hearing was not required (*see e.g. Allen v Farrow*, 215 AD2d 137, 140 [1st Dept 1995]).

The motion court properly declined to appoint Dr. Alexandra Stone to supervise therapeutic visitation between plaintiff and the child, since Dr. Stone previously had declined the appointment and had withdrawn from the process. Similarly, the court properly declined to appoint Dr. Joel Klass to supervise therapeutic visitation. Dr. Klass had served as plaintiff's expert during the custody trial and therefore was not an appropriate choice as supervisor, which requires the trust of both parties. Moreover, given that Dr. Klass resides in Florida, his appointment would cause the parties to incur substantially greater expense. The court properly appointed Dr. Hariton, especially

since plaintiff failed to submit, at the court's request, any appropriate professionals to conduct therapeutic visitation and failed to establish that Dr. Hariton was otherwise unqualified.

The motion court properly denied plaintiff's motion to hold defendant in contempt for her alleged failure to follow the court's August 19, 2014 order concerning plaintiff's access to the child's medical information. Defendant confirmed with the child's pediatrician that plaintiff had received all of the child's medical records to date and that no additional records had been created since that time. Thus, plaintiff's rights were not prejudiced by defendant's actions (Judiciary Law § 753 [A]), nor was defendant's conduct willful (*id.* § 750 [A] [3]). The court properly awarded defendant's attorneys $2,000 for defending against plaintiff's unsuccessful motion.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Friedman, J.P., Andrias, Gische and Webber, JJ.