Appeal by the plaintiff from an order of the Supreme Court, Suffolk County (James F. Quinn, J.), dated August 23, 2016. The order, insofar as appealed from, after a hearing, granted the defendant’s motions to modify the parties’ stipulation of settlement so as to award him residential custody of the parties’ children, and denied those branches of the plaintiff’s cross motion which were (1) for a money judgment in the principal sum of $250,000, (2) to modify the visitation provisions of the parties’ stipulation of settlement, and (3) to modify the parties’ stipulation of settlement so as to require the defendant to pay for 100% of private school tuition for the parties’ children. By decision and order on motion of this Court dated September 20, 2016, the plaintiff’s motion for a stay of enforcement of the order dated August 23, 2016, was granted.
 

 Ordered that the order is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof granting the defendant’s motions to modify the parties’ stipulation of settlement so as to award him residential custody of the parties’ children, and substituting therefor a provision denying the motions, and (2) by deleting the provision thereof denying that branch of the plaintiffs cross motion which was to modify the visitation provisions of the stipulation of settlement, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings to establish a new visitation schedule for the defendant.
 

 The parties are the divorced parents of two children. In 2009, they entered into a stipulation of settlement which provided for joint legal custody of the children and residential custody to the plaintiff “for school district purposes.” The stipulation further provided that the parties would each be responsible for 50% of any private school tuition. In the event that the parties could not agree upon a private school, the stipulation provided that the children would be enrolled in public school, which, given the provision of residential custody to the plaintiff “for school district purposes,” would be located in the school district in which the plaintiff lived. At the time the parties entered into the stipulation, however, the children were enrolled in private school, and they have continuously been so enrolled.
 

 In 2015, the defendant moved to modify the parties’ stipulation so as to award him residential custody of the parties’ children. The modification was sought on the ground that the defendant wished to enroll the children in public school in the school district to which he had relocated. The plaintiff cross-moved, inter alia, for a money judgment in the principal sum of $250,000, to modify the visitation provisions of the stipulation, and to modify the stipulation so as to require the defendant to pay for 100% of the children’s private school tuition. After a hearing, the Supreme Court granted the defendant’s motions, and denied those branches of the plaintiff’s cross motion. The plaintiff appeals.
 

 “When parents enter into an agreement concerning custody, it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the child” (Matter of Fargasch v Alves, 116 AD3d 774, 775 [2014]; see Matter of Cornejo v Salas, 110 AD3d 1068, 1069 [2013]). In custody matters, “the authority of this Court is as broad as that of the hearing court, and the hearing court’s determination will not stand if it is not supported by a sound and substantial basis in the record” (Matter of Turvin v D’Agostino, 152 AD3d 610, 611 [2017]; see Matter of Doyle v Debe, 120 AD3d 676, 680 [2014]).
 

 Here, the evidence at the hearing demonstrated that, at the time they entered into the stipulation, the parties were not satisfied with the school district in which they lived and in which the plaintiff continued to live after the divorce, and thus had enrolled the children in private school. Despite their dissatisfaction with the school district, the stipulation provided for residential custody to the plaintiff “for school district purposes,” and the children remained in private school for the next six years. Under these circumstances, the defendant’s relocation to a different school district did not constitute a sufficient change in circumstances since the time of the stipulation so as to warrant a modification of the custody agreement by the court. Accordingly, the Supreme Court should have denied the defendant’s motions to modify the parties’ stipulation so as to award him residential custody (see Matter of Ruggiero v Noe, 77 AD3d 959, 961 [2010]).
 

 In contrast, the plaintiff demonstrated a sufficient change in circumstances warranting modification of the visitation provisions of the stipulation. Indeed, both parties agreed that the visitation provisions, which included overnight visitation with the defendant during the week, had become impractical in light of the defendant’s relocation a significant distance from the plaintiff’s residence and the children’s school. Accordingly, the Supreme Court should have granted that branch of the plaintiff’s cross motion which was to modify the visitation agreement. We therefore remit the matter to the Supreme Court, Suffolk County, for further proceedings to set a new visitation schedule that will be more workable in light of the defendant’s relocation while still providing him with such liberal visitation as the court deems appropriate.
 

 The Supreme Court properly denied that branch of the plaintiff’s cross motion which was to modify the stipulation so as to require the defendant to pay 100% of the children’s private school tuition. “[A] stipulation of settlement which is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability” (Sabowitz v Sabowitz, 123 AD3d 794, 795 [2014] [internal quotation marks omitted]; see D’Iorio v D'Iorio, 135 AD3d 693, 697 [2016]). Here, the plaintiff did not establish any basis to modify the provision of the stipulation which requires the defendant to pay 50% of the children’s private school tuition to the extent he consents to them attending private school, as opposed to public school in the plaintiff’s school district.
 

 The plaintiff’s remaining contention is without merit.
 

 Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.