Matter of Edwards v Edwards (2018 NY Slip Op 03524)





Matter of Edwards v Edwards


2018 NY Slip Op 03524


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2017-03028
 (Docket Nos. V-2189-08/16F, V-2190-08/16F)

[*1]In the Matter of Christopher Edwards, respondent,
v
Danielle Edwards, appellant.


The Law Offices of Kiel Van Horn, PLLC, Port Jervis, NY (Kiel Edward Van Horn of counsel), for appellant.
Law Office of Dennis R. Vetrano, Jr., LLC, Beacon, NY (Kristen D. Farris of counsel), for respondent.
George E. Reed, Jr., White Plains, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Lori Currier Woods, J.), dated February 15, 2017. The order, insofar as appealed from, after a hearing, granted the father's petition to modify a prior order of the same court dated July 13, 2016, so as to award him sole legal and physical custody of the parties' children.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties were married and are the parents of two children, born in 2004 and 2006, respectively. The parties separated in November 2007 and eventually divorced. Since 2008, the parties have appeared in the Family Court on numerous occasions relating to disputes over custody and physical access. Pursuant to a prior order of the court, the mother had sole custody of the children, and the father had physical access.
The father filed a petition to modify the prior custody order so as to award him sole legal and physical custody of the children. After a hearing, the Family Court granted the father's petition and awarded him sole legal and physical custody. The mother appeals.
Where modification of an existing custody arrangement is sought, the petitioner must make a showing that there has been a change in circumstances such that modification is necessary to protect the best interests of the child (see Matter of Nixon v Ferrone, 153 AD3d 625, 626; Matter of Scott v Powell, 146 AD3d 964, 965; Matter of Zall v Theiss, 144 AD3d 831, 832). In determining whether such a change has occurred, the court should consider the totality of the circumstances (see Matter of Moore v Gonzalez, 134 AD3d 718, 719; Matter of Connolly v Walsh, 126 AD3d 691, 693; Matter of Miedema v Miedema, 125 AD3d 971, 971).
As custody determinations largely depend upon the Family Court's assessments of [*2]the credibility, character, temperament, and sincerity of the parties, the Family Court's findings should be accorded great weight and its determination not disturbed unless it lacks a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167, 173; Matter of Harrison v McClellan, 151 AD3d 723, 723; Matter of Lao v Gonzales, 130 AD3d 624, 625).
Here, the father established a change in circumstances such that modification of the existing custody arrangement between the parties was necessary to protect the interests of the children. The Family Court's determination to award sole custody of the children to the father is supported by a sound and substantial basis in the record (see Matter of Feliccia v Spahn, 108 AD3d 702, 703; Matter of DeViteri v Saldana, 95 AD3d 1221, 1222). The record demonstrates that the mother interfered in the relationship between the father and the children in a manner inconsistent with the best interests of the children, and also demonstrates that the father is more likely than the mother to foster a relationship between the children and the noncustodial parent (see Musachio v Musachio, 137 AD3d 881, 883; Matter of Feliccia v Spahn, 108 AD3d at 703).
The mother's remaining contentions are either improperly raised for the first time on appeal or without merit.
ROMAN, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court