Matter of Dennis v Davis-Schloemer (2018 NY Slip Op 08480)





Matter of Dennis v Davis-Schloemer


2018 NY Slip Op 08480


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-10612
 (Docket No. V-306-17)

[*1]In the Matter of Kathleen M. Dennis, appellant,
v
Marjorie Davis-Schloemer, et al., respondents.


Gloria Marchetti-Bruck, White Plains, NY, for appellant.
Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for respondent Marjorie Davis-Schloemer.
Carl D. Birman, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the maternal grandmother appeals from stated portions of an order of the Family Court, Orange County (Lori Currier Woods, J.), dated October 3, 2017. The order, after a hearing, inter alia, denied that branch of the maternal grandmother's petition which was to modify a prior order of the same court so as to award her sole legal and physical custody of the subject child.
ORDERED that the order dated October 3, 2017, is affirmed insofar as appealed from, without costs or disbursements.
The paternal grandmother was awarded sole legal and physical custody of the subject child on October 3, 2014. In September 2016, the paternal grandmother filed a petition seeking to relocate with the child to California. In December 2016, the Family Court granted the paternal grandmother's petition, and she and the child relocated to California.
Thereafter, the maternal grandmother commenced this proceeding to modify the Family Court's prior custody order so as to award her sole legal and physical custody of the child, or, in the alternative, to enjoin the paternal grandmother from relocating with the child to California and to award her visitation with the child. In the order appealed from, after a hearing, the court denied those branches of the maternal grandmother's petition which were to modify its prior custody order so as to award her sole legal and physical custody of the child and to enjoin the paternal grandmother from relocating with the child to California. However, the court granted that branch of the maternal grandmother's petition which sought visitation with the child to the extent of awarding her bi-weekly "Facetime" calls with the child and additional visitation as agreed upon between the parties.
Contrary to the maternal grandmother's contention, the Family Court properly granted the paternal grandmother's motion to suppress audiotapes of conversations between the paternal [*2]grandmother and the child pursuant to CPLR 4506, which provides for the suppression of evidence obtained by illegal wiretapping. The maternal grandmother and her son (the child's uncle) were not parties to the conversation, were not present during the conversation, and the maternal grandmother does not assert that, under the circumstances, any vicarious consent was given (cf. People v Badalamenti, 27 NY3d 423, 435; Perlman v Perlman, 163 AD3d 730, 732; McLaughlin v McLaughlin, 104 AD3d 1315, 1316; People v Kirsh, 176 AD2d 652, 652). Moreover, there is no merit to the maternal grandmother's contention that the motion was untimely because it was not made before the hearing, since the paternal grandmother only learned of the existence of the tapes during the hearing (see CPLR 4506[4]). The maternal grandmother's remaining arguments in this regard are improperly raised for the first time on appeal and, therefore, are not properly before this Court (see Matter of Rojas-Paredes v Lewis, 149 AD3d 844, 845).
The modification of an existing court-ordered custody arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child (see Eschbach v Eschbach, 56 NY2d 167, 172; Matter of Pignataro v Davis, 8 AD3d 487, 488). In adjudicating custody and visitation rights, the essential consideration is the best interests of the child (see Eschbach v Eschbach, 56 NY2d at 171). Since custody determinations depend in large part on the trial court's assessment of the character and credibility of the parties and witnesses, that court's credibility findings are generally accorded deference, and its custody determinations will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of McVey v Barnett, 107 AD3d 808, 809; Matter of Guzman v Pizarro, 102 AD3d 964, 965 [citations omitted]).
Here, contrary to the maternal grandmother's contention, the issue of whether the Family Court, in its December 2016 order, properly granted the paternal grandmother's petition to relocate is not before this Court on the appeal from the Family Court's order dated October 3, 2017 (see Matter of Samantha J.M. v Anthony T.C., 41 Misc 3d 579, 585 [Fam Ct, Monroe County]). However, under the circumstances of this case, we agree that the maternal grandmother adequately demonstrated a sufficient change in circumstances to warrant a reevaluation of the prior custody order (see Matter of LaBaff v Dennis, 160 AD3d 1096, 1096; Matter of Samantha J.M. v Anthony T.C., 41 Misc 3d at 585).
In determining whether a custody arrangement should be modified, "the court should consider the totality of the circumstances, including whether the alleged change in circumstances suggests that one of the parties is unfit to parent, the nature and quality of the relationships between the child and each of the parties, the ability of each [party] to provide for the child's emotional and intellectual development, the parental guidance that the custodial [party] provides for the child, and the effect an award of custody to one [party] might have on the child's relationship with the other [party]" (Matter of Moore v Gonzalez, 134 AD3d 718, 719; see Matter of Connolly v Walsh, 126 AD3d 691, 693; Matter of Miedema v Miedema, 125 AD3d 971, 971). Here, the Family Court's determination that, under the totality of the circumstances, it was not in the child's best interests to modify the custody order so as to award the maternal grandmother sole legal and physical custody, was supported by a sound and substantial basis in the record (see Matter of Nava v Kinsler, 85 AD3d 1186, 1187; Trinagel v Boyar, 70 AD3d 816, 817).
The maternal grandmother's remaining contentions are without merit.
DILLON, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court