Matter of Turkashwand v Brock (2020 NY Slip Op 07899)





Matter of Turkashwand v Brock


2020 NY Slip Op 07899


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-10915
2019-10917
2019-10918
2019-10919
2019-10920
2019-12832
2019-14493
 (Docket Nos. V-2356-10/18C, V-2356-10/18D, V-2356-10/18E, V-2356-10/18F, V-2356-10/19G)

[*1]In the Matter of Daniel Turkashwand, respondent,
v
Cynthia J. Brock, appellant.


Amy L. Colvin, Huntington, NY, for appellant.
Karyn A. Villar, PLLC, Hauppauge, NY, for respondent.
Penny S. Slomovitz-Glaser, Holtsville, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from six orders of the Family Court, Nassau County (Eileen C. Daly-Sapraicone, J.), all dated August 9, 2019, and a corrected decision of the same court dated November 22, 2019. The first order, upon a decision of the same court dated August 9, 2019, as corrected November 22, 2019, made after a hearing, granted the father's petition to modify a prior order of the same court (Ellen R. Greenberg, J.) dated August 31, 2016, so as to award him sole legal and residential custody of the parties' child and specified parental access to the mother. The second, third, fourth, fifth, and sixth orders dated August 9, 2019, upon the decision dated August 9, 2019, as corrected November 22, 2019, inter alia, granted certain relief with respect to the father's related petitions alleging violations of various orders of custody and parental access.
ORDERED that the appeal from the corrected decision dated November 22, 2019, is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp, 100 AD2d 509); and it is further,
ORDERED that the orders dated August 9, 2019, are affirmed, without costs or disbursements.
In an order dated August 31, 2016 (hereinafter the order of custody), the parties, who were never married, were awarded joint legal custody of their child, who was born in September 2009, with the father having residential custody of the child, and the mother having liberal parental access with the child. In September 2018, the father commenced proceedings, seeking, inter alia, to modify the order of custody so as to award him sole legal and residential custody of the child. The [*2]father alleged, among other things, that the mother routinely violated the parental access provisions of the order of custody by failing to return the child to the father as required therein, engaged in conduct consistent with alienating the child from the father, and filed false complaints against the father with Child Protective Services and the authorities. After a hearing on the father's petitions, the Family Court, inter alia, modified the order of custody so as to award the father sole legal and residential custody of the child and provide a particular parental access schedule for the mother. The mother appeals.
An order of custody or parental access may be modified only upon a showing that there has been a subsequent change in circumstances such that modification is required to protect the best interests of the child (see Matter of Georgiou-Ely v Ely, 181 AD3d 885; Matter of Hawkins v Strong, 154 AD3d 753; Matter of Maxwell v Watt, 152 AD3d 693). The best interests of the child are determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 174; Matter of Georgiou-Ely v Ely, 181 AD3d at 885; Matter of Cooper v Nicholson, 167 AD3d 602, 604). While this Court's authority in reviewing a child custody determination is as broad as that of the hearing court, the hearing court's determination should not be disturbed unless it lacks a sound and substantial basis in the record, as such determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties (see Matter of Pitkanen v Huscher, 167 AD3d 901, 901; Matter of Gooler v Gooler, 107 AD3d 712, 712).
Here, the Family Court's determination that there had been a change in circumstances warranting that the father be awarded sole legal and residential custody of the child and that the mother's parental access be modified has a sound and substantial basis in the record (see Matter of Frey v Ketcham, 57 AD3d 543). The record reflects, among other things, that the mother violated the parental access provisions of the order of custody for extended periods of time, falsely accused the father and his fiancée of abusing the child, returned the child to the father in an unkempt state, and engaged in conduct consistent with alienating the child from the father (see Matter of Grabowski v Smith, 182 AD3d 1002; Matter of Krier v Krier, 178 AD3d 1372). The contention that the court should have conducted a forensic evaluation before rendering its determination is not properly before this Court, since there was no request for a court-ordered forensic evaluation (see Matter of Quinones v Quinones, 139 AD3d 1072, 1074; Matter of Bailey v Carr, 125 AD3d 853, 854). In any event, such an evaluation was not necessary to decide the issues (see Matter of Jones v Nohar, 108 AD3d 631; Matter of Solovay v Solovay, 94 AD3d 898).
The mother's remaining contentions are without merit.
Accordingly, we agree with the Family Court's determination, inter alia, to grant the father's petition to modify the order of custody.
MASTRO, J.P., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court