■ MARGARET H. YARDENY et al., Respondents, v ARTHUR BERNHANG, Appellant. — Appeal by defendant from an order of the Supreme Court, Suffolk County, dated September 11, 1980, which granted plaintiffs' motion to restore the action to the Trial Calendar and denied defendant's cross motion to dismiss for failure to prosecute. Order affirmed, without costs or disbursements. This case should be promptly tried. Hopkins, J.P., Titone, Mangano and Cohalan, JJ., concur.

■ In the Matter of BRUNSWICK HOSPITAL CENTER, Appellant, v OCTOBER 1979 GRAND JURY et al., Respondents. — In a proceeding pursuant to CPLR article 78 to, *inter alia,* prohibit the Special Nursing Home Prosecutor from pursuing a Grand Jury investigation of, *inter alia,* Brunswick Hospital, the appeal is from a judgment of the Supreme Court, Suffolk County, entered February 21, 1980, which dismissed the petition. By order dated June 30, 1980, this court reversed the judgment and granted the petition, without prejudice to the Special Prosecutor's seeking an order of resubmission on the basis of our decision in *Matter of McGinley v Hynes* (75 AD2d 897). *(Matter of Brunswick Hosp. Center v October 1979 Grand Jury,* 76 AD2d 924.) On November 20, 1980 the Court of Appeals (51 NY2d 975) reversed the order of this court and remitted the case to this court for reconsideration in light of that court's reversal of our order in *Matter of McGinley v Hynes* (51 NY2d 116). Judgment affirmed, without costs or disbursements. In *Matter of McGinley v Hynes (supra)* the Court of Appeals held that a writ of prohibition does not lie against a prosecutor who is merely acting in an investigatory, as opposed to a quasi-judicial, capacity. The court ruled that under such circumstances, the appropriate remedy is by way of a traditional motion to quash the subpoena. In view of the fact that the same Grand Jury proceedings are involved here as in *McGinley,* the petition must be dismissed. We note that petitioner has already made a motion to quash, that the motion was denied, and an appeal is presently pending before this court. Damiani, J.P., Gibbons, Margett and Thompson, JJ., concur.

■ In the Matter of KATHY G. J., Respondent, v ARNOLD D., Appellant. — In a paternity proceeding, the appeal (by permission) is from an order of the Family Court, Queens County, dated May 21, 1980, which, after a hearing, adjudged appellant to be the father of the petitioner's child, directed payment of temporary support, including a lump-sum payment of $5,000, and set the matter down for a hearing on support. Order affirmed, with costs. The record supports the determination of the trial court that petitioner established by clear, convincing and entirely satisfactory evidence that appellant is the father of her child. The numerous contentions that appellant raises which assert, *inter alia,* that petitioner's testimony was incredible, that another person, not appellant, was clearly proven to be the father of the child, and that the trial court misinterpreted the testimony and committed errors in the admission of certain evidence (e.g., a baptismal certificate), are without merit. Hopkins, J.P., Damiani, Mangano and O'Connor, JJ., concur.