■ In the Matter of ANDRZEJ TERCJAK, Respondent, v JADWIGA TERCJAK, Appellant. [854 NYS2d 453]—

An agreement between parents concerning custody will not be set aside unless there is a sufficient change in circumstances since the time of the agreement and unless the modification of the custody agreement is in the best interests of the child (see Pambianchi v Goldberg, 35 AD3d 688, 689 [2006]). As a custody determination depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, the findings of the Family Court will not be disturbed unless they lack a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167, 174 [1982]; Matter of Honeywell v Honeywell, 39 AD3d 857, 858 [2007]; Kuncman v Kuncman, 188 AD2d 517, 518 [1992]). Here, there is a sound and substantial basis in the record for the Family Court's award of sole physical and legal custody to the father (see Eschbach v Eschbach, 56 NY2d 167, 172 [1982]; Vinciguerra v Vinciguerra, 294 AD2d 565, 566 [2002]).

Although the Family Court improvidently exercised its discretion in admitting into evidence the report of the neutral forensic psychologist, since the report was not submitted under oath

(*see* 22 NYCRR 202.16 [g] [2]) and relied on information other than that upon which an expert may properly base an opinion (*see Matter of D'Esposito v Kepler*, 14 AD3d 509 [2005]), the error in admitting the report was harmless. There is a sound and substantial basis in the record for the Family Court's determination without consideration of the improperly admitted report (*see Matter of D'Esposito v Kepler*, 14 AD3d 509 [2005]).

The mother's remaining contentions are without merit. Lifson, J.P., Ritter, Florio and Carni, JJ., concur.