■ In the Matter of OLIVER STEVEN REED, SR., Respondent, v CHARLENE D. CLEMONS, Appellant. [912 NYS2d 900]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Duffy, J.), entered January 27, 2010, which, after a hearing, granted the father's petition to modify a prior order of custody and visitation dated January 15, 2003, so as to award him sole legal custody of the subject child. By decision and order on motion of this Court dated June 14, 2010, enforcement of the order appealed from was stayed pending hearing and determination of the appeal.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Family Court, Westchester County, to determine whether the stay granted by this Court should be continued until the end of the current school year and, pending that determination, the stay contained in this Court's order dated June 14, 2010, shall continue.

"Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" (*Matter of Pignataro v Davis*, 8 AD3d 487, 488 [2004]). Since a custody determination depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, the findings of the Family Court will not be disturbed unless they lack a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d 167, 174 [1982]; *Matter of Tercjak v Tercjak*, 49 AD3d 772 [2008]; *Matter of Honeywell v Honeywell*, 39 AD3d 857, 858 [2007]). Here, there is a sound and substantial basis in the record supporting the Family Court's award of sole legal

custody to the father (*see Eschbach v Eschbach*, 56 NY2d at 172; *Matter of Tercjak v Tercjak*, 49 AD3d at 772).

Furthermore, the mother's contentions alleging ineffective assistance of counsel pertain, in part, to matter outside the record and, therefore, are not properly before this Court (*see Matter of Ruvolo v Herrera*, 62 AD3d 1012 [2009]; *Matter of Mikhail V.*, 12 AD3d 375 [2004]). To the extent that the mother's contentions are properly before this Court, they are without merit (*see Matter of Alexis L.*, 45 AD3d 688, 689 [2007]; *Matter of Shaheen P.J.*, 29 AD3d 996, 997-998 [2006]). Dillon, J.P., Angiolillo, Belen and Roman, JJ., concur.