In the Matter of MICHAEL BUXENBAUM, JR., Respondent, v RACHEL FULMER, Appellant. [919 NYS2d 389]—

"Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" (*Matter of Pignataro v Davis*, 8 AD3d 487, 488 [2004]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Deochand v*

*Deochand*, 80 AD3d 609 [2011]). The best interests of the child are determined by a review of the totality of the circumstances (*see Matter of Skeete v Hamilton*, 78 AD3d 1187, 1188 [2010]). As a custody determination depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, the findings of the Family Court will not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of Reed v Clemons*, 79 AD3d 1044 [2010]; *Matter of Tercjak v Tercjak*, 49 AD3d 772 [2008]).

Here, the Family Court's determination that there had been a change in circumstances since the issuance of the prior order of custody and visitation dated January 28, 2008, and that it was in the child's best interests to award sole custody to the father, is supported by a sound and substantial basis in the record (*see Matter of Reed v Clemons*, 79 AD3d at 1044; *Matter of Skeete v Hamilton*, 78 AD3d at 1187). Moreover, the Family Court's determination was consistent with the recommendation of the court-appointed forensic evaluator, and the position of the Attorney for the Child, which are entitled to some weight (*see Matter of Caravella v Toale*, 78 AD3d 828 [2010], *lv denied* 16 NY3d 706 [2011]).

Contrary to the mother's contentions, the Family Court properly advised her concerning her right to counsel (*see* Family Ct Act § 262 [a]; *Matter of Dorner v McCarroll*, 271 AD2d 530 [2000]).

The Family Court properly took judicial notice of the order of filiation entered on consent. The Family Court's determination that the mother could not testify, in rebuttal to the admission of the order of filiation, that she had lacked the capacity to consent to the order of filiation, was not an improvident exercise of discretion (*see Matter of Lane v Lane*, 68 AD3d 995, 997 [2009]).

The Family Court providently exercised its discretion in prohibiting the mother from telling the child that any man other than the father is the child's biological father (*see Matter of Powell v Blumenthal*, 35 AD3d 615, 617 [2006]). Florio, J.P., Dickerson, Leventhal and Belen, JJ., concur.