██ In the Matter of Tricia M. Lynch, Appellant, v Vincent Velella, Respondent. (Proceeding No. 1.) In the Matter of Vincent Velella, Respondent, v Tricia M. Lynch, Appellant. (Proceeding No. 2.) In the Matter of Vincent Velella, Respondent, v Tricia M. Lynch, Appellant. (Proceeding No. 3.) [925 NYS2d 846]—

In related custody and visitation proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Klein, J.), entered August 9, 2010, which, after a hearing, inter alia, granted the father's petition for sole custody of the child.

Ordered that the order is affirmed, with one bill of costs.

"To modify an existing custody arrangement, there must be a showing of a change of circumstances such that modification is required to protect the best interests of the child," based on "the totality of the circumstances" (*Matter of Bonthu v Bonthu*, 67 AD3d 906, 907 [2009], citing *Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). As a custody determination depends to a great

extent upon an assessment of the character and credibility of the parties and witnesses, the character and credibility findings of the Family Court will not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of Buxenbaum v Fulmer*, 82 AD3d 1223 [2011]).

Here, the determination of the Family Court that there had been a change of circumstances since the parties entered into their so-ordered agreement as to custody and visitation in August 2007, and that it was in the child's best interests to award sole custody to the father, was supported by a sound and substantial basis in the record (*see Matter of Reed v Clemons*, 79 AD3d 1044 [2010]). Further, that determination was consistent with the recommendation of the court-appointed forensic evaluator, and the position of the attorney for the child, which are entitled to some weight (*see Matter of Caravella v Toale*, 78 AD3d 828 [2010]; *Matter of Verret v Verret*, 37 AD3d 479, 481 [2007]).

The mother's remaining contentions are without merit. Dillon, J.P., Balkin, Belen and Sgroi, JJ., concur.