■ In the Matter of WILLIAM JACKSON, Respondent, v SABRINA COLEMAN, Appellant. [941 NYS2d 273]—In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Freundlich, J.), dated March 7, 2011, as, after a hearing, granted the father's petition to modify a prior order of custody dated April 5, 2006, so as to award him sole custody of the subject children.

Ordered that the order dated March 7, 2011, is affirmed insofar as appealed from, without costs or disbursements.

" 'Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in cir-

cumstances such that a modification is necessary to ensure the continued best interests and welfare of the child' " (*Matter of Buxenbaum v Fulmer*, 82 AD3d 1223, 1223 [2011], quoting *Matter of Pignataro v Davis*, 8 AD3d 487, 488 [2004]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Skeete v Hamilton*, 78 AD3d 1187, 1187-1188 [2010]). "The best interests of the child are determined by a review of the totality of the circumstances" (*Matter of Skeete v Hamilton*, 78 AD3d at 1188; *see Eschbach v Eschbach*, 56 NY2d at 171; *Matter of Buxenbaum v Fulmer*, 82 AD3d at 1223). Since weighing the factors relevant to any custody determination requires an evaluation of the credibility and sincerity of the parties involved, the hearing court's findings are accorded deference, and will not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of Buxenbaum v Fulmer*, 82 AD3d at 1224; *Matter of Skeete v Hamilton*, 78 AD3d at 1188).

Here, the Family Court's determination that there had been a change in circumstances since the issuance of the prior order of custody, and that it was in the subject children's best interests to award sole custody of the children to the father, is supported by a sound and substantial basis in the record and, thus, will not be disturbed (*see Matter of Buxenbaum v Fulmer*, 82 AD3d at 1224; *Matter of Skeete v Hamilton*, 78 AD3d at 1188). While this determination was not consistent with the position of the attorney for the children, that position, although entitled to some weight, was not dispositive (*see Matter of Haimovici v Haimovici*, 73 AD3d 1058 [2010]). Rivera, J.P., Leventhal, Roman and Cohen, JJ., concur.