■ In the Matter of EDWARD I. WOSU, Respondent, v MARSHA NETTLES-WOSU, Appellant. [17 NYS3d 185]—

Appeal from an order of the Family Court, Kings County (Michael L. Katz, J.), dated June 11, 2014. The order, insofar as appealed from, after a hearing, granted the father's petition to modify a prior order awarding custody of the parties' child to the mother so as to award him custody of the child and denied, as academic, the mother's cross petition to relocate with the child to Georgia.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The parties have one child, a son born on August 3, 2001. In 2004, the mother obtained an order awarding her custody of the child, and thereafter moved with the child to Georgia,

where they remained until August 2011. During that time, the father had extended visits with the child in Georgia and New York and maintained a healthy relationship with the child. In August 2011, the mother accepted a job requiring her to live abroad in the Middle East for two years. The father commenced this proceeding seeking to modify the prior order awarding custody of the parties' child to the mother so as to award him custody of the child, and the mother cross-petitioned to relocate with the child to Georgia. After a hearing, the Family Court granted the father's petition and denied, as academic, the mother's cross petition.

Modification of an existing custody order is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child (*see Matter of Morocho v Jordan*, 123 AD3d 1037 [2014]). The court must consider the totality of the circumstances (*see id.*; *Matter of Graziani C.A. [Lisa A.]*, 117 AD3d 729 [2014]). The Family Court's custody determination after a hearing is based largely upon an assessment of the parties' credibility with reference to their character, temperament, and sincerity, and should not be set aside unless it lacks a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Faunteleroy v Mercado*, 5 AD3d 482, 483 [2004]). Furthermore, in determining custody, "[w]hile the express wishes of [the] children are not controlling, they are entitled to great weight, particularly where their age and maturity would make their input particularly meaningful" (*Matter of O'Connor v Dyer*, 18 AD3d 757, 757 [2005] [internal quotation marks omitted]; *see Matter of Samuel S. v Dayawathie R.*, 63 AD3d 746, 747 [2009]; *Matter of Manfredo v Manfredo*, 53 AD3d 498, 500 [2008]).

Contrary to the mother's contention, the Family Court's determination that the requisite change in circumstances exists, warranting an award of custody to the father, has a sound and substantial basis in the record. While both parties appear to be capable and loving parents, the child has thrived under the father's care in New York, the child indicated that he prefers to live with the father, and the father is better able to provide the child with a stable home environment. The Family Court's determination is further supported by the recommendation of the court-appointed forensic psychologist, and by the position taken by the attorney for the child. "Although the recommendations of court-appointed evaluators and the attorney for the child are not determinative, they are factors to be considered and are entitled to some weight" (*Matter of Cisse v Graham*, 120 AD3d

801, 806 [2014]; *see Matter of Shannon J. v Aaron P.*, 111 AD3d 829, 831 [2013]; *Baker v Baker*, 66 AD3d 722, 723-724 [2009]). Rivera, J.P., Roman, LaSalle and Barros, JJ., concur.