Appeals by the father from (1) an order of the Family Court, Westchester County (Gail Rice, J.), dated October 30, 2015, and (2) an amended order of that court dated November 5, 2015. The order and the amended order, after a hearing, in effect, granted the mother’s petition to modify a prior custody order of that court dated November 18, 2010, so as to award her sole custody of the parties’ child, and denied the father’s petition to modify the prior custody order so as to give him sole custody of the child.
 

 Ordered that the appeal from the order dated October 30, 2015, is dismissed, without costs or disbursements, as that order was superseded by the amended order dated November 5, 2015; and it is further,
 

 Ordered that the amended order dated November 5, 2015, is affirmed, without costs or disbursements.
 

 The parties have one child, born in 2006. An order of custody dated November 18, 2010, awarded them joint legal and physical custody of the child. In 2015, the parties each filed a petition seeking to modify that order so as to award them sole legal and physical custody of the child. The Family Court, after a hearing, in effect, granted the mother’s petition and denied the father’s petition, finding, inter alia, that the parties’ inability to effectively communicate made joint custody untenable and that it was in the child’s best interests for the mother to have sole legal and physical custody. The father, appeals.
 

 To modify an existing court-ordered custody arrangement, “ ‘there must be a showing of a change of circumstances such that modification is required to protect the best interests of the child’” (Matter of Sanders v Jaco, 148 AD3d 812, 813 [2017], quoting Matter of Zeis v Slater, 57 AD3d 793, 793 [2008]; see Matter of Molinari v Tuthill, 59 AD3d 722 [2009]; Matter of Manfredo v Manfredo, 53 AD3d 498 [2008]), based on “the totality of the circumstances” (Matter of Bonthu v Bonthu, 67 AD3d 906, 907 [2009], citing Eschbach v Eschbach, 56 NY2d 167, 171 [2009]). As a custody determination depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, the character and credibility findings of the Family Court will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Lynch v Velella, 85 AD3d 1032 [2011]; Matter of Buxenbaum v Fulmer, 82 AD3d 1223 [2011]).
 

 Here, the determination of the Family Court that there had been a change of circumstances since the issuance of the order dated November 18, 2010, awarding the parties joint legal and physical custody of the child, and that it was in the child’s best interests to award sole legal and physical custody to the mother, was supported by a sound and substantial basis in the record. Further, that determination was consistent with the child’s wishes which, while not determinative, should be given considerable weight (see Matter of Luo v Yang, 103 AD3d 636 [2013]).
 

 Mastro, J.P., Hall, Miller and Brathwaite Nelson, JJ., concur.