Matter of Guma v Lennard (2018 NY Slip Op 02782)





Matter of Guma v Lennard


2018 NY Slip Op 02782


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-08738
 (Docket Nos. V-2104-16/16B/16C/16D)

[*1]In the Matter of Justine Guma, appellant, 
v
James Lennard, respondent. (Proceeding No. 1)
In the Matter of James Lennard, respondent, vJustine Guma, appellant. (Proceeding No. 2)


Ralph R. Carrierri, Mineola, NY, for appellant.
Adam H. Moser, Rockville Centre, NY, for respondent.
Joseph P. Abbenda, Glen Cove, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Robin M. Kent, J.), dated August 2, 2016. The order, insofar as appealed from, after a hearing, granted the father's petition to modify an order of the same court dated March 13, 2016, so as to award him "sole legal and physical custody" of the parties' child and denied the mother's petition, inter alia, in effect, to modify the order dated March 13, 2016, so as to award her "full custody" of the child.
ORDERED that the order dated August 2, 2016, is affirmed insofar as appealed from, without costs or disbursements.
The parties, who have a child together, agreed to a final order of custody and visitation dated March 13, 2016, which provided for joint legal custody and alternating physical custody. In June 2016, the mother filed a petition alleging that the father had violated the custody order, and, in effect, seeking to modify the order so as to be awarded "full custody" of the child. The father filed a petition to modify the custody order so as to award him "sole legal and physical custody" of the child. The Family Court, after a hearing, granted the father's petition, awarding him "sole legal and physical custody" of the child with "parenting time" to the mother, and denied the mother's petition. The mother appeals.
"Modification of an existing court-sanctioned custody or visitation arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" (Matter of O'Shea v Parker, 116 AD3d 1051, 1051; see Matter of Scheiner v Henig, 155 AD3d 874, 874-875; Matter of Bullard v Clark, 154 AD3d 846). Since custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the Family [*2]Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167, 173-174; Matter of Cusano v Coitino, 155 AD3d 722; Matter of Bullard v Clark, 154 AD3d at 847).
Here, contrary to the mother's contention, the Family Court's determination that there had been a change in circumstances requiring an award of sole legal and physical custody to the father in order to ensure the best interests of the child had a sound and substantial basis in the record and, therefore, will not be disturbed (see Eschbach v Eschbach, 56 NY2d at 173-174; Matter of Scheiner v Henig, 155 AD3d at 875). The court's determination was supported, among other things, by evidence that joint custody was untenable, that the mother refused to keep the father informed as to where she was living with the child, and that the mother persisted in holding out another individual as the father of the child (see Matter of Cusano v Coitino, 155 AD3d 722; Musachio v Musachio, 137 AD3d 881, 883).
The mother's remaining contention is without merit.
DILLON, J.P., SGROI, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court