Matter of Cox v Cruz (2019 NY Slip Op 07777)





Matter of Cox v Cruz


2019 NY Slip Op 07777


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
BETSY BARROS, JJ.


2018-12305
 (Docket No. V-32585-05/17C)

[*1]In the Matter of Latoya Cox, petitioner-respondent,
v
Mayra E. Cruz, et al., respondents-respondents; Gianna F. (Anonymous), nonparty-appellant.


Karen P. Simmons, Brooklyn, NY (Eva D. Stein and Janet Neustaetter of counsel), attorney for the child, the nonparty-appellant.
Linda C. Braunsberg, Staten Island, NY, for petitioner-respondent.
Mayra E. Cruz, Brooklyn, NY, respondent-respondent pro se.
Janis A. Parazzelli, Floral Park, NY, for respondent-respondent Javier Figueroa.



DECISION & ORDER
In a proceeding pursuant to Family Court Art article 6, the child appeals from an order of the Family Court, Kings County (Nisha Menon, Ct. Atty. Ref.), dated September 10, 2018. The order, after a hearing, in effect, denied the mother's petition to modify a prior order of the same court (Emily M. Olshansky, J.), dated January 13, 2006, so as to award her sole custody of the child and to permit the child to relocate with her to North Carolina.
ORDERED that the order dated September 10, 2018, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the mother's petition to modify the order dated January 13, 2006, so as to award her sole custody of the child and to permit the child to relocate with her to North Carolina is granted, and the matter is remitted to the Family Court, Kings County, for the determination of a visitation schedule for the child with the paternal great-aunt and the father.
In an order dated January 13, 2006 (hereinafter the prior order), the paternal great-aunt was awarded legal and physical custody of the subject child, upon the default of the father and the mother. The mother commenced this proceeding to modify the prior order so as to award her sole custody of the child and to permit the child to relocate with her to North Carolina. The paternal great-aunt and the father opposed the mother's petition. After a hearing, the Family Court, in effect, denied the mother's petition. The child appeals.
An existing order of custody may be modified only on a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests of the child (see Matter of Paese v Paese, 175 AD3d 502, 504; Matter of Werner v Mazzenga, 174 AD3d 727; Matter of Vann v Ballinger, 174 AD3d 725; Matter of Newton v McFarlane, 174 AD3d [*2]67). The best interests of the child must be determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171-172).
"[T]his Court's authority in custody and visitation matters is as broad as that of the hearing court, and while we are mindful that the hearing court has an advantage in being able to observe the demeanor and assess the credibility of witnesses, we would be seriously remiss if, simply in deference to the finding of a Trial Judge, we allowed a custody determination to stand where it lacks a sound and substantial basis in the record" (Weisberger v Weisberger, 154 AD3d 41, 51 [internal quotation marks omitted]).
Here, we disagree with the Family Court's determination "that there has been a change in circumstances requiring a modification of the [prior order] but that the totality of the circumstances does not support a change in custody." This conclusion lacks a sound and substantial basis in the record based on, inter alia, the position of the attorney for the child (see Matter of Dupont v Gaston, 173 AD3d 738, 740; Matter of Wosu v Nettles-Wosu, 132 AD3d 688, 689), and the stated preferences of the child, who is now almost 15 years old (see Matter of Newton v McFarlane, 174 AD3d 67; Matter of Dupont v Gaston, 173 AD3d at 740; Matter of Dorsa v Dorsa, 90 AD3d 1046, 1047). Therefore, the court should have granted the mother's petition to modify the prior order so as to award her sole custody of the child and to permit the child to relocate with her to North Carolina.
RIVERA, J.P., BALKIN, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court