Matter of Rabinowich v Rabinowich (2019 NY Slip Op 09271)





Matter of Rabinowich v Rabinowich


2019 NY Slip Op 09271


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2019-01482
 (Docket Nos. V-20560-16, V-20561-16, V-20562-16)

[*1]In the Matter of Amora Rabinowich, respondent,
v
Avraham Rabinowich, appellant.


Brettschneider & Brettschneider, LLP, Huntington, NY (Joseph M. Brettschneider of counsel), for appellant.
Laurette D. Mulry, Riverhead, NY (John B. Belmonte of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Anthony S. Senft, Jr., J.), dated December 21, 2018. The order, insofar as appealed from, after a hearing, granted that branch of the mother's petition which was to modify a prior order of the Supreme Court, Nassau County, dated October 13, 2016, so as to award her sole legal and physical custody of the parties' two youngest children, and, in effect, to permit those children to relocate to California to live with her.
ORDERED that the order dated December 21, 2018, is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father are the divorced parents of three children, the youngest two of whom are the subject of the instant proceeding. Pursuant to the custody provisions set forth in a stipulation of settlement, incorporated but not merged into the parties' judgment of divorce dated October 30, 2006, the parties had joint legal and physical custody of the three children. In the years that followed, the parties became embroiled in protracted and acrimonious custody litigation. The
mother subsequently remarried and, in 2011, moved to California. In October 2016, the two youngest children, who had remained in New York with the father, went to California to reside with the mother. Custody litigation subsequently ensued in both California and New York. In an order dated October 13, 2016, the Family Court, Nassau County, upon the mother's failure to appear in court on that date and after a brief inquest, granted the father's petition for sole legal and physical custody of the three children. In December 2016, the mother filed a petition to modify the order dated October 13, 2016, so as to award her sole legal and physical custody of the parties' children, and, in effect, to permit the children to relocate to California to live with her. The mother was subsequently awarded temporary custody of the children.
At a hearing on the mother's petition, the parties testified, and the Family Court conducted in camera interviews of the two youngest children, who were then 16 and 15 years old, [*2]respectively. At the conclusion of the hearing, the father withdrew his opposition to the mother's petition insofar as it sought custody of the parties' eldest child, who was then nearly 18 years old. In an order dated December 21, 2018, the court, inter alia, granted that branch of the mother's petition which was to modify the order dated October 13, 2016, so as to award her sole legal and physical custody of the two youngest children, and, in effect, to permit those children to relocate to California to live with her. The father appeals.
"A court may modify an order awarding custody and [parental access] upon a showing that there has been a subsequent change of circumstances and that modification is in the best interests of the child" (Matter of Herranz v Longa, 170 AD3d 1016, 1017 [internal quotation marks omitted]; see Matter of Thomas R.K. v Tamara S.K., 166 AD3d 773, 774). " [I]nasmuch as custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the [court's] determination should be disturbed only if it lacks a sound and substantial basis in the record'" (Bondarev v Bondarev, 152 AD3d 482, 482, quoting Matter of Bacchi v Clancy, 101 AD3d 993, 993). Furthermore, "[w]hile the express wishes of [the] children are not controlling, they are entitled to great weight, particularly where their age and maturity would make their input particularly meaningful" (Matter of O'Connor v Dyer, 18 AD3d 757, 757 [internal quotation marks omitted]; Matter of Wosu v Nettles-Wosu, 132 AD3d 688, 689).
Contrary to the father's contention, the Family Court's determination that there had been a change in circumstances and that it was in the best interests of the two youngest children to award sole legal and physical custody to the mother and, in effect, to permit them to relocate to California, where they had been residing since October 2016, was supported by a sound and substantial basis in the record (see Gerner v Stalvey, 174 AD3d 601, 602; Matter of McKenzie v Williams, 165 AD3d 673, 674; Matter of Cusano v Coitino, 155 AD3d 722, 723; Matter of Blackman v Barge, 145 AD3d 775, 776). The record reflects that the father's behavior was a cause of the deterioration in his relationship with the two youngest children and that the children are thriving in the mother's care in California. Furthermore, the court's determination was consistent with the children's wishes (see Matter of Cusano v Coitino, 155 AD3d at 723; Matter of Wosu v Nettles-Wosu, 132 AD3d at 689). The father's contention that the court erred in determining the issue of custody without forensic evaluations of the parties and the two youngest children is without merit (see Matter of Tecza v Alija, 138 AD3d 872, 873; Matter of Solovay v Solovay, 94 AD3d 898, 900).
The father's remaining contentions are without merit.
DILLON, J.P., COHEN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court