Matter of Kopciowski v Kopciowski (2021 NY Slip Op 03750)





Matter of Kopciowski v Kopciowski


2021 NY Slip Op 03750


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


582 CAF 19-01247

[*1]IN THE MATTER OF JENNIFER KOPCIOWSKI, PETITIONER-RESPONDENT,
v
HENRY KOPCIOWSKI, RESPONDENT-APPELLANT.
IN THE MATTER OF HENRY KOPCIOWSKI, PETITIONER-APPELLANT,
v
JENNIFER KOPCIOWSKI, RESPONDENT-RESPONDENT. 






WILLIAM D. BRODERICK, JR., ELMA, FOR RESPONDENT-APPELLANT AND PETITIONER-APPELLANT. 
EMILY A. VELLA, SPRINGVILLE, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Erie County (Michael F. Griffith, A.J.), entered April 17, 2019 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded sole custody of the subject children to petitioner-respondent. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent-petitioner father appeals from an order that, inter alia, granted the petition of petitioner-respondent mother seeking to modify the parties' existing custody arrangement by awarding her sole custody of the parties' children. Contrary to the father's contention, the mother met her burden of establishing a change in circumstances sufficient to warrant an inquiry into whether a modification of the custody arrangement is in the best interests of the children (see Matter of Krier v Krier, 178 AD3d 1372, 1372 [4th Dept 2019]; Lauzonis v Lauzonis, 120 AD3d 922, 924 [4th Dept 2014]; Matter of Ingersoll v Platt, 72 AD3d 1560, 1561 [4th Dept 2010]).
" '[A] change in circumstances exists where, as here, the [parties'] relationship becomes so strained and acrimonious that communication between them is impossible' " (Matter of Gibbardo v Ramos, 169 AD3d 1482, 1482 [4th Dept 2019]; see Lauzonis, 120 AD3d at 924). Contrary to the father's further contention, there is a sound and substantial basis in the record for Family Court's determination that awarding the mother sole custody of the children is in their best interests (see generally Eschbach v Eschbach, 56 NY2d 167, 171-172 [1982]; Matter of Orzech v Nikiel, 91 AD3d 1305, 1306 [4th Dept 2012]).
Assuming, arguendo, that the court erred in admitting in evidence the notes of the children's school counselor, we conclude that such error was harmless (see Matter of Nicole VV., 296 AD2d 608, 613 [3d Dept 2002], lv denied 98 NY2d 616 [2002]). Indeed, there is a "sound and substantial basis in the record for the . . . [c]ourt's determination without consideration of [those notes]" (Matter of Tercjak v Tercjak, 49 AD3d 772, 773 [2d Dept 2008], lv denied 10 NY3d 716 [2008]; see Matter of Cyle F. [Alexander F.], 155 AD3d 1626, 1626-1627 [4th Dept 2017], lv denied 30 NY3d 911 [2018]).
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court