Matter of Bowen v Babb (2025 NY Slip Op 01749)

Matter of Bowen v Babb

2025 NY Slip Op 01749

Decided on March 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, NOWAK, AND DELCONTE, JJ.

223 CAF 23-01472

[*1]IN THE MATTER OF KYLE BOWEN, PETITIONER-RESPONDENT-RESPONDENT,
v
BRITTANY BABB, RESPONDENT-PETITIONER-APPELLANT. 

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR RESPONDENT-PETITIONER-APPELLANT. 
WILLIAM D. BRODERICK, JR., ELMA, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Cattaraugus County (Deborah J. Scinta, R.), entered May 22, 2023, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted petitioner-respondent sole decision-making authority with respect to the subject child's health-related care. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent-petitioner mother appeals from an order of Family Court (Scinta, R.) that, inter alia, modified a prior joint custody order by granting petitioner-respondent father sole decision-making authority with respect to the subject child's health-related care. Initially, we take judicial notice of the fact that, after the issuance of the order on appeal, Family Court (Howden, J.) issued an order in February 2025 (subsequent order) that confirmed a Referee's report, which recommended in relevant part that the court continue the order on appeal based upon the finding that each party had failed to establish a change in circumstances sufficient to warrant an inquiry into whether modification of the order on appeal was in the best interests of the child. Inasmuch as the subsequent order therefore provided that the order on appeal remained in effect and did not supersede the order on appeal, we conclude that the mother's appeal is not moot (see Matter of Allison v Seeley-Sick, 199 AD3d 1490, 1491 [4th Dept 2021]; Matter of Fowler v Rothman, 198 AD3d 1374, 1374 [4th Dept 2021], lv dismissed 38 NY3d 995 [2022]; cf. Matter of Wallace v Eure, 181 AD3d 1329, 1329 [4th Dept 2020], lv denied 35 NY3d 915 [2020]).
With respect to the merits, although we agree with the mother that the court (Scinta, R.) erred in considering hospital records that had not been properly received into evidence, we conclude that the error is harmless because the result reached by the court would have been the same even had such records not been considered (see Matter of King v Pelkey, 229 AD3d 1161, 1162 [4th Dept 2024], lv denied 42 NY3d 907 [2024]; Matter of Adorno v Vaillant, 177 AD3d 1275, 1276 [4th Dept 2019]). Indeed, there is a sound and substantial basis in the record for the court's determination without consideration of those records (see Kopciowski v Kopciowski, 195 AD3d 1455, 1456 [4th Dept 2021]; Matter of Rice v Cole, 125 AD3d 1466, 1467 [4th Dept 2015], lv denied 26 NY3d 909 [2015]). Contrary to the mother's further contention, we conclude that the court did not misinterpret the language of a psychological evaluation of the child regarding the effectiveness of certain medication (see generally Matter of Klein v Klein, 251 AD2d 733, 735 [3d Dept 1998]; Matter of Kathy G. J. v Arnold D., 80 AD2d 896, 896 [2d Dept 1981]). Even assuming, arguendo, that the court erred in that regard, we conclude that any error is harmless (see King, 229 AD3d at 1162).
Entered: March 21, 2025
Ann Dillon Flynn
Clerk of the Court