■ In the Matter of DEWEY S. COMMISSIONER OF THE NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES, Petitioner; JOAN T. et al., Respondents; LEGAL AID SOCIETY, Nonparty Appellant.—In a proceeding, *inter alia,* to determine the placement of a child, the Legal Aid Society appeals, as limited by its brief, from so much of an order of the Family Court, Kings County (Esquirol, J.), dated October 2, 1990, as relieved it from its appointment as Law Guardian for the child Dewey S. and denied its application for visitation between the child and his maternal aunt.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

On April 2, 1987, three-month-old Dewey S. was adjudicated a neglected child and placed in the custody of the Commissioner of the New York City Department of Social Services. Thereafter, the child was placed in foster care with a family residing in Albany. In 1989, the Commissioner filed a petition seeking to extend Dewey's placement for an additional 12-month period. While that petition was pending, Dewey's foster parents moved to discharge the child's Law Guardian, an attorney on the staff of the Legal Aid Society, alleging that she was biased against them because she had recommended

that Dewey be placed in the care of his maternal aunt. The Family Court granted the foster parents' application for removal of the Law Guardian, citing a "conflict of interest".

On appeal, the Law Guardian contends that the Family Court improvidently exercised its discretion in terminating her representation of the child. We agree. The record fails to disclose any conflict or potential conflict of interest which would bar the Law Guardian from representing the child *(see, Matter of Stern v Stein,* 130 Misc 2d 609). A Law Guardian's role in a child protective proceeding not only includes serving as counsel and advocate for the child, but also encompasses aiding the court in arriving at an appropriate disposition *(see, Matter of Apel,* 96 Misc 2d 839, 842-843). A Law Guardian may thus attempt to persuade the court to adopt that position which, in the Law Guardian's judgment, would best promote the child's interest *(see, Matter of Apel, supra).* Upon our review of the record, we find that the Law Guardian did not exceed the proper parameters of her role, and that her discharge on the ostensible grounds of "conflict of interest" was improvident.

Following discharge of the Law Guardian in the Kings County proceeding, in February 1991 the foster parents commenced a termination of parental rights proceeding in Albany County to free Dewey for adoption, and a new Law Guardian was appointed to represent the child in the Albany proceeding. Accordingly, although the former Law Guardian's discharge was unwarranted, under the circumstances as they presently exist, we decline to disturb the order appealed from. Eiber, J. P., Rosenblatt, Miller and Ritter, JJ., concur.