that Dewey be placed in the care of his maternal aunt. The Family Court granted the foster parents' application for removal of the Law Guardian, citing a "conflict of interest".

■ In the Matter of DEWEY S. LEGAL AID SOCIETY, Appellant; JOSEPH A. ESQUIROL et al., Respondents.—In a proceeding pursuant to CPLR article 78 in the nature of prohibition to bar a Justice of the Family Court from relieving the Legal Aid Society from its appointment as Law Guardian for a child, the petitioner appeals from a judgment of the Supreme Court, Kings County (Vaccaro, J.), dated March 19, 1991, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged —acts or threatens to act either without jurisdiction or in excess of its authorized powers" *(Matter of Holtzman v Gold-*

*man,* 71 NY2d 564, 569; *accord, Matter of Rush v Mordue,* 68 NY2d 348, 353). Accordingly, the petitioner's proper remedy is to seek review of the order relieving it of its appointment as Law Guardian for the child by direct appeal therefrom *(see, Matter of Dewey S.,* 175 AD2d 920 [decided herewith]). Eiber, J. P., Rosenblatt, Miller and Ritter, JJ., concur.