■ In the Matter of MYRTEEN WEST, Respondent, v ANTOINETTE TURNER, Appellant. [832 NYS2d 78]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Lynaugh, J.), dated June 27, 2005, which, after a hearing, granted the petition for custody of the subject child.

Ordered that the order is affirmed, without costs or disbursements.

"As between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other like extraordinary circumstances" (*Matter of Wilson v Smith*, 24 AD3d 562, 563 [2005]; *see Matter of Bennett*

*v Jeffreys*, 40 NY2d 543, 545 [1976]; *Matter of Esposito v Shannon*, 32 AD3d 471, 472 [2006]; *Matter of Campo v Chapman*, 24 AD3d 439, 439 [2005]). Such "extraordinary circumstances" may exist, not only in cases of "surrender, abandonment, persisting neglect, [and] unfitness," but where there has been an "unfortunate or involuntary disruption of custody over an extended period of time" (*Matter of Bennett v Jeffreys, supra* at 546). Here, where "the mother voluntarily surrendered the child, had only sporadic contact with the child before the commencement of [the custody] proceeding, and gave no financial or other support to the child's caretaker[ ]," the petitioner sustained her burden of establishing "extraordinary circumstances" (*Matter of Wilson v Smith, supra* at 563; *see Matter of Campo v Chapman, supra* at 439).

Furthermore, the child had been living with the petitioner for more than half of his life, the petitioner had provided for all of his needs for the previous six years, and she was willing and able to continue to do so. In contrast, since surrendering the child to the petitioner and until the commencement of this proceeding, the mother had demonstrated neither the willingness nor the ability to parent him. The record supports the court's conclusion that the child's interests would best be served by granting custody to the petitioner. Under these circumstances, as it cannot be said that the court's custody determination lacks a sound and substantial basis in the record, we decline to disturb it (*see Matter of Magwood v Martinez*, 35 AD3d 743 [2006]; *Matter of Coakley v Goins*, 240 AD2d 573, 573 [1997]; *Matter of Benjamin B.*, 234 AD2d 457, 458 [1996]).

As to the child's stated preference for living with his mother, that was just one factor for the trial court to consider (*see Eschbach v Eschbach*, 56 NY2d 167, 172-173 [1982]). In determining the weight to be accorded the child's preference, "the court must consider the age and maturity of the child" (*id.* at 173). "The desires of young children . . . do not always reflect the long-term best interest of the children" (*Matter of Nehra v Uhlar*, 43 NY2d 242, 249 [1977]). Indeed, "the reasons for [a child's] preferences may indicate that no weight should be given the child's choice" (*Matter of Lincoln v Lincoln*, 24 NY2d 270, 273 [1969]). Here, the court providently exercised its discretion in according little weight to the child's stated preference.

Contrary to the mother's contention, the Law Guardian took an active role in the proceeding and accorded the child effective assistance of counsel (*see Matter of Brittany W.*, 25 AD3d 560 [2006]; *Matter of Dewey S.*, 175 AD2d 920, 920-921; *cf. Matter of Jamie TT.*, 191 AD2d 132, 137 [1993]; *Koppenhoefer v Koppenhoefer*, 159 AD2d 113, 117 [1990]).

The mother's remaining contention does not require reversal. Miller, J.P., Schmidt, Ritter and Angiolillo, JJ., concur.