■ In the Matter of GALINA ROSS, Respondent, v ERIC ROSS, Appellant. [928 NYS2d 303]—

616

"Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" (*Matter of Pignataro v Davis*, 8 AD3d 487, 488 [2004]; *see* Family Ct Act § 652; *Matter of Buxenbaum v Fulmer*, 82 AD3d 1223 [2011]; *Matter of Gallo v Gallo*, 81 AD3d 826 [2011]). "The best interests of the child are determined by a review of the totality of the circumstances" (*Matter of Garcia v Fountain*, 82 AD3d 979 [2011]). "As a custody determination depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, the findings of the Family Court will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Tercjak v Tercjak*, 49 AD3d 772, 772 [2008]; *see Matter of Gilmartin v Abbas*, 60 AD3d 1058 [2009]).

Here, the Family Court's determination that there had been a change in circumstances since the issuance of a prior order of custody and visitation dated December 3, 2002, and that it was in the child's best interests to award sole custody to the mother, is supported by a sound and substantial basis in the record (*see* Family Ct Act § 652; *Matter of Kramer v Berardicurti*, 79 AD3d 1794 [2010]; *Matter of Slovak v Slovak*, 77 AD3d 1089 [2010]; *Matter of Sinnott-Turner v Kolba*, 60 AD3d 774, 775, 776 [2009]).

However, the Family Court erred by, in effect, awarding the father only supervised visitation with the parties' child (*see Matter of Laware v Baldwin*, 42 AD3d 696, 697 [2007]; *Matter of Morash v Minucci*, 299 AD2d 486, 486-487 [2002]; *Matter of Eric L. v Dorothy L.*, 130 AD2d 660, 661 [1987]; *see generally Matter of Chebuske v Burnhard-Vogt*, 284 AD2d 456 [2001]). Indeed, while the Family Court's credibility assessments are entitled to great weight, the Family Court improperly disregarded the unequivocal conclusions and recommendations of the court-appointed forensic examiner, and placed undue emphasis on the wishes of the child that visitation be supervised, especially in light of his maturity level and the clear potential for manipulation, as identified by the forensic examiner (*see Ekstra v Ekstra*, 78 AD3d 990 [2010]; *Matter of Volpe v Volpe*, 61 AD3d 691, 692 [2009]). Here, the record reflects that the father had liberal, unsupervised visitation with the subject child throughout most of the child's life, and that the child wanted to see the father.

The remaining contentions of the parties and the attorney for the child are either without merit, unpreserved for appellate review, or not properly before this Court (*see* CPLR 5501; *Broser v Dworman*, 78 AD3d 979, 980 [2010]).

Accordingly, the matter must be remitted to the Family Court, Rockland County, for the determination of a liberal, unsupervised visitation schedule for the father. Covello, J.P., Eng, Leventhal and Cohen, JJ., concur.

---

Motion by the attorney for the child, inter alia, in effect, to strike stated portions of the appellant's brief on an appeal from an order of the Family Court, Rockland County, entered November 16, 2009, on the ground that the appellant's brief contains matter dehors the record and contains personal and false attacks against the attorney for the child and the Family Court. By decision and order on motion of this Court dated December 28, 2010, that branch of the motion which is, in effect, to strike stated portions of the appellant's brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the motion which is, in effect, to strike stated portions of the appellant's brief is denied. Covello, J.P., Eng, Leventhal and Cohen, JJ., concur.