■ In the Matter of ANDREW LAO, JR., Appellant, v OMAYRA GONZALES, Respondent. [13 NYS3d 211]—

Appeals from (1) a decision of the Family Court, Suffolk County (Bernard Cheng, J.), dated October 6, 2014, and (2) an order of that court, also dated October 6, 2014. The order, after a hearing, denied so much of the father's petition as sought to modify an order of custody and visitation dated March 2, 2011, so as to award him sole legal and physical custody of the subject child.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order dated October 6, 2014, is affirmed, without costs or disbursements.

A party seeking modification of an existing custody order must show that there has been a change in circumstances such that modification is required to ensure the continued best

interests of the child (*see Matter of Worner v Gavin*, 128 AD3d 981 [2015]; *Matter of Fargasch v Alves*, 116 AD3d 774 [2014]; *Matter of Karen S. v Quinn S.*, 104 AD3d 951 [2013]; *Matter of Sidorowicz v Sidorowicz*, 101 AD3d 737 [2012]). The determination must be based on the totality of the circumstances (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 95 [1982]). Factors to be considered include whether the alleged changed circumstances indicate that one of the parties is unfit, the nature and quality of the relationships between the child and the parties, the ability of each parent to provide for the child's emotional and intellectual development, the parental guidance that the custodial parent provides for the child, and the effect an award of custody to one parent might have on the child's relationship with the other parent (*see Matter of Connolly v Walsh*, 126 AD3d 691 [2015]; *Matter of Fargasch v Alves*, 116 AD3d 774, 775 [2014]; *Matter of Fallarino v Ayala*, 41 AD3d 714 [2007]). Custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, and the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d 167, 173-174 [1982]; *Matter of Blakeney v Blakeney*, 99 AD3d 898 [2012]; *Matter of Roldan v Nieves*, 76 AD3d 634 [2010]).

Here, contrary to the contentions of the father and the attorney for the child, the Family Court's determination that the father failed to establish a change in circumstances since the order of custody and visitation dated March 2, 2011, that warranted a change in custody was supported by a sound and substantial basis in the record. The child has resided with his mother and half-sisters for his entire life, and the evidence failed to establish that the mother is unfit to continue as the custodial parent (*see Cervera v Bressler*, 90 AD3d 803, 805-806 [2011]; *Matter of Fallarino v Ayala*, 41 AD3d 714 [2007]). The circumstances relied upon by the father constituted either common parenting issues or isolated events that did not warrant a change in custody (*see Matter of DeRuzzio v Ruggles*, 88 AD3d 1091 [2011]). Furthermore, the courts will not disrupt sibling relationships unless there is an overwhelming need to do so (*see Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]; *Matter of Ebert v Ebert*, 38 NY2d 700, 704 [1976]; *Matter of Shannon J. v Aaron P.*, 111 AD3d 829, 831 [2013]). Moreover, a child's preference is not determinative and, in weighing this factor, the court must consider the age and maturity of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]; *Dintruff v McGreevy*, 34 NY2d 887 [1974]; *Matter of West v Turner*, 38 AD3d 673 [2007]). Indeed, the reasons for a child's preferences may

indicate that no weight should be given the child's choice (*see Matter of Lincoln v Lincoln*, 24 NY2d 270 [1969]). Here, the Family Court providently exercised it discretion in according little weight to the child's stated preference, which was made when he was only eight years old (*see Matter of West v Turner*, 38 AD3d 673 [2007]). Mastro, J.P., Austin, Sgroi and Barros, JJ., concur.