Appeal by the father from an order of the Family Court, Queens County (Marybeth S. Richroath, J.), dated March 23, 2016. The order, insofar as appealed from, after a hearing, in effect, denied the father’s petition to modify an order of custody and visitation of that court dated October 28, 2011, so as to award him sole custody of the parties’ child.
 

 Ordered that the order dated March 23, 2016, is affirmed insofar as appealed from, without costs or disbursements.
 

 The mother and the father were not married to each other and separated approximately one year after the birth of their child. An initial custody and visitation order dated October 28, 2011, which was entered on consent of the parties, awarded sole custody of the child to the mother and liberal parenting time, including unsupervised overnight visitation, to the father. The father filed a petition for modification of the custody and visitation order, seeking sole custody of the child. After a hearing, the Family Court found that the evidence supported a finding of a change in circumstances, as the child was older and attending school, and that the initial order was no longer compatible with the child’s schedule. However, the court determined that the change in circumstances did not warrant a change in custody to the father, and that a change in custody would not be in the child’s best interests. The father appeals, and we affirm.
 

 “Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child” (Matter of Pignataro v Davis, 8 AD3d 487, 488 [2004]; see Matter of Gurewich v Gurewich, 58 AD3d 628, 629 [2009]; Matter of Fallarino v Ayala, 41 AD3d 714 [2007]). The court must determine whether the totality of the circumstances justifies modification (see Friederwitzer v Friederwitzer, 55 NY2d 89, 95-96 [1982]; Matter of Fargasch v Alves, 116 AD3d 774, 775 [2014]; Matter of Morton v Morton, 158 AD2d 458 [1990]). The factors to be considered include whether the alleged change in circumstances indicates that one of the parties is unfit, the nature and quality of the relationships between the child and the parties, the ability of each parent to provide for the child’s emotional and intellectual development, and the effect of awarding custody to one parent on the child’s relationship with the other parent (see Eschbach v Eschbach, 56 NY2d 167, 171-173 [1982]; Matter of Fargasch v Alves, 116 AD3d at 775; Matter of Islam v Lee, 115 AD3d 952, 953 [2014]; Matter of Cornejo v Salas, 110 AD3d 1068, 1069 [2013]). “Since weighing the factors relevant to any custody determination requires an evaluation of the credibility and sincerity of the parties involved, the hearing court’s findings are accorded deference, and will not be disturbed unless they lack a sound and substantial basis in the record” (Matter of Jackson v Coleman, 94 AD3d 762, 763 [2012]; see Matter of Solovay v Solovay, 94 AD3d 898, 899 [2012]; Matter of Ross v Ross, 86 AD3d 615, 616 [2011]). “Parental alienation of a child from the other parent is ‘an act so inconsistent with the best interests of the children as to, per se, raise a strong probability that the [offending party] is unfit to act as custodial parent’” (Matter of Doroski v Ashton, 99 AD3d 902, 903 [2012], quoting Entwistle v Entwistle, 61 AD2d 380, 384-385 [1978]; see Matter of Lawlor v Eder, 106 AD3d 739, 740 [2013]; Bobinski v Bobinski, 9 AD3d 441 [2004]; Stern v Stern, 304 AD2d 649 [2003]; Young v Young, 212 AD2d 114, 122 [1995]).
 

 Contrary to the father’s contentions, the evidence supports the Family Court’s finding that the mother did not attempt to alienate the child from him. Further, a review of the court’s order indicates that the court gave careful consideration to all relevant factors concerning the best interests of the child (see Matter of Martinez v Hyatt, 86 AD3d 571, 572 [2011]), and there is a sound and substantial basis in the record for the court’s determination.
 

 Accordingly, the Family Court properly, in effect, denied the father’s petition to modify the prior order of custody and visitation so as to award him sole custody of the child.
 

 Rivera, J.P., Roman, LaSalle and Barros, JJ., concur.