Matter of Dockery v Reid-O'Garro (2018 NY Slip Op 03830)





Matter of Dockery v Reid-O'Garro


2018 NY Slip Op 03830


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-06121
2017-06122
 (Docket Nos. V-5970-13, V-5348-15)

[*1]In the Matter of Zhanaya A. Dockery, also known as Zhanaya Dockery, respondent, 
v
Latif S. Reid-O'Garro, appellant.


Del Atwell, East Hampton, NY, for appellant.
Arza Feldman, Uniondale, NY (Steven A. Feldman of counsel), for respondent.
Kelley M. Enderley, Poughkeepsie, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from two orders of the Family Court, Dutchess County (Joan S. Posner, J.), both dated May 23, 2017. The orders, after a hearing, granted the mother's petition to modify a prior order of the same court dated January 21, 2016, so as to award her sole physical custody of the parties'children and permission to relocate with them to North Carolina.
ORDERED that the orders are affirmed, without costs or disbursements.
The mother and the father are the parents of two children, born in 2012 and 2015, respectively. On January 21, 2016, the mother and the father consented to an order of custody and physical access (hereinafter the consent order) wherein they shared legal and physical custody of the children. On July 25, 2016, the mother filed a petition seeking to modify the consent order to award her sole physical custody of the children and to permit her to relocate with them to North Carolina. After a hearing, the Family Court granted the mother's petition. The father appeals.
To modify an existing custody order, there must be a showing of a change in circumstances such that modification is necessary to ensure the continued best interests of the child (see Matter of Dezil v Garlick, 114 AD3d 773; Matter of Sparacio v Fitzgerald, 73 AD3d 790, 790), under the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 172).
A request to relocate with a child constitutes a change in circumstances, requiring the parent seeking to move to demonstrate that relocating with the child is in the child's best interests (see Martin v Martin, 139 AD3d 916, 917-918; Matter of Adams v Bracci, 91 AD3d 1046, 1047). In considering the issue of relocation, "the courts should be free to consider and give appropriate weight to all of the factors that may be relevant to the determination. These factors include, but are certainly not limited to, each parent's reasons for seeking or opposing the move, the quality of the [*2]relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (Matter of Tropea v Tropea, 87 NY2d 727, 740-741). "[N]o single factor should be treated as dispositive or given such disproportionate weight as to predetermine the outcome" (id. at 738).
Custody determinations largely depend upon the Family Court's "assessments of the credibility, character, temperament, and sincerity of the parties" (Matter of Lao v Gonzales, 130 AD3d 624, 625; see Matter of Lombardi v Valenti, 120 AD3d 817, 818). The court's credibility findings should be accorded great weight, and its determination should not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Lao v Gonzales, 130 AD3d at 625; Matter of Lombardi v Valenti, 120 AD3d at 818). Similarly, the court's determination as to relocation must be supported by a sound and substantial basis in the record (see Matter of Doyle v Debe, 120 AD3d 676, 680; Matter of Caruso v Cruz, 114 AD3d 769, 771-772).
Here, there was a sound and substantial basis for the Family Court's determination that changed circumstances justified awarding the mother sole physical custody of the children and permission to relocate with them to North Carolina, and that such modification of the consent order was in the best interests of the children (see Matter of Hall v Hall, 118 AD3d 879, 882-883; Matter of Davis v Ogden, 109 AD3d 539; Matter of Harrsch v Jesser, 74 AD3d 811, 812). The evidence demonstrated that the mother was the primary caregiver and committed to meeting the children's needs, whereas the father was inconsistent with his parenting time, demonstrated little involvement in the daily life of the children, and failed to comply with a court-ordered substance abuse treatment program. Although relocation will have an inevitable impact on the father's ability to spend time with the children, the Family Court fashioned a liberal physical access schedule that included extended summer visits and visits during school vacations, which will allow for the continuation of a meaningful relationship between the father and the children (see Matter of Rivera v Cruz, 143 AD3d 902, 903; Matter of Harrsch v Jesser, 74 AD3d at 812).
We agree with the Family Court's exercise of its discretion in making its determination without conducting in camera interviews with the children, who were 2 and 4 years old at the time of the hearing (see Matter of Son v Ramos, 117 AD3d 745; Matter of Asgedom v Asgedom, 51 AD3d 787, 788; Matter of Cardarelli v Cardarelli, 277 AD2d 225, 225-226).
MASTRO, J.P., DILLON, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court