Matter of Dedrick v Cussano (2018 NY Slip Op 08646)





Matter of Dedrick v Cussano


2018 NY Slip Op 08646


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-07799
 (Docket Nos. V-6086-15/15A/15B/16C/17D, V-6087-15/15A/15B/15C/17D)

[*1]In the Matter of Michele L. Dedrick, appellant, 
v
Derrick Cussano, respondent. (Proceeding No. 1)
In the Matter of Derrick Cussano, respondent,
v
Michele L. Dedrick, appellant. (Proceeding No. 2)


Vasti & Vasti, P.C., Pleasant Valley, NY (Thomas F. Vasti III of counsel), for appellant.
Campanaro & Tomkovitch, Hopewell Junction, NY (Patricia L. Campanaro of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Dutchess County (Denise M. Watson, J.), dated June 29, 2017. The order, insofar as appealed from, granted the father's amended cross petition to modify a custody and parental access order and awarded primary residential custody of the parties' two children to the father and, in effect, denied the mother's petition to modify the parental access provisions of that prior order.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
To modify an existing custody order, there must be a showing of a change in circumstances such that modification is necessary to ensure the continued best interests of the children (see Matter of Dezil v Garlick, 114 AD3d 773; Matter of Sparacio v Fitzgerald, 73 AD3d 790), under the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 172). Custody determinations largely depend upon the Family Court's "assessments of the credibility, character, temperament, and sincerity of the parties" (Matter of Lao v Gonzales, 130 AD3d 624, 625; see Matter of Lombardi v Valenti, 120 AD3d 817, 818). The court's credibility findings should be accorded great weight, and its custody determinations should not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Lao v Gonzales, 130 AD3d at 625; Matter of Lombardi v Valenti, 120 AD3d at 818).
Here, the Family Court's determination that there had been a change in circumstances since the issuance of the prior order of custody and parental access has a sound and substantial basis in the record (Matter of Peralta v Irrizary, 76 AD3d 561). Likewise, the court's determination [*2]modifying that prior order to award primary residential custody of the children to the father also has a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d at 167) and will not be disturbed.
Under the circumstances, we agree with the Family Court's determination denying the mother's application for forensic evaluations (see Matter of Rhodie v Nathan, 67 AD3d 687; Matter of Johnson v Williams, 59 AD3d 445).
Further, we agree with the Family Court's determination denying the mother's application to qualify a particular social worker as an expert witness in this case (see Felicia v Boro Crescent Corp., 105 AD3d 697, 698; de Hernandez v Lutheran Med. Ctr., 46 AD3d 517, 518)
The issues raised by the mother concerning the Family Court's temporary custody award are academic, as the temporary award is no longer in effect and there was a full evidentiary trial conducted prior to the issuance of the order appealed from awarding primary residential custody of the children to the father (see Matter of Chamas v Carino, 119 AD3d 564, 565; Matter of Ramirez v Velez, 78 AD3d 1062, 1062-1063).
MASTRO, J.P., RIVERA, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court