Matter of Plissner v Louie (2019 NY Slip Op 05541)





Matter of Plissner v Louie


2019 NY Slip Op 05541


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-08627
 (Docket No. V-2606-12/17D)

[*1]In the Matter of Ian Plissner, appellant, 
v
Mary Louie, respondent.


Eric M. Gansberg, Staten Island, NY, for appellant.
Francine Scotto, Staten Island, NY, for respondent.
Cheryl Charles-Duval, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated July 16, 2018. The order, after a hearing, denied the father's petition for legal and physical custody of the parties' child.
ORDERED that the order is affirmed, without costs or disbursements.
The parties, Mary Louie (hereinafter the mother) and Ian Plissner (hereinafter the father), who were never married, have one child together, who was born in 2007. The parties' so-ordered stipulation of settlement (hereinafter the stipulation) provides that the mother has legal and primary residential custody of the child and establishes liberal parental access for the father. In November 2017, the father petitioned to modify the stipulation so as to award him custody of the child after an incident occurred involving the child and a third party. On November 15, 2017, the Family Court issued an order temporarily placing the child in the father's custody pending a hearing. Following a hearing, the court determined that the father failed to demonstrate a change of circumstances warranting a change of custody from the mother to him, and denied the father's petition. The father appeals.
In order to modify an existing custody arrangement, there must be a showing of a change of circumstances such that modification is required to protect the best interests of the child (see Matter of Newton v McFarlane, ___ AD3d ___, 2019 NY Slip Op 04386 [2d Dept 2019]; Matter of Vargas v Gutierrez, 155 AD3d 751, 752; Matter of Lao v Gonzales, 130 AD3d 624, 624-625; Matter of Fallarino v Ayala, 41 AD3d 714, 714). Since the Family Court's custody determination is largely dependent upon an assessment of the credibility of witnesses and upon the character, temperament, and sincerity of the parents, the court's custody determination should not be set aside unless it lacks a sound and substantial basis in the record (see Matter of Vargas v Gutierrez, 155 AD3d at 753; Matter of Lao v Gonzales, 130 AD3d at 625; Matter of Ross v Ross, 86 AD3d 615, 616).
Here, contrary to the contentions of the father and the attorney for the child, the Family Court's determination is supported by a sound and substantial basis in the record. The [*2]mother has been the child's custodial parent for all of the child's life, except for the brief period during which the temporary order of custody was in effect. There was no evidence that the mother was aware of or should have been aware of the danger the third party posed to the child, or that the mother was unfit to continue as the custodial parent (see Matter of Lao v Gonzales, 130 AD3d at 625; Matter of Fallarino v Ayala, 41 AD3d at 715). The record further demonstrates that the child's younger half-sister also resides in the mother's home. "Courts will not disrupt sibling relationships unless there is an overwhelming need to do so" (Matter of Shannon Jr. v Aaron P., 111 AD3d 829, 831; see Matter of Ebert v Ebert, 38 NY2d 700, 704. Moreover, "a child's preference is not determinative and, in weighing this factor, the court must consider the age and maturity of the child" (Matter of Lao v Gonzales, 130 AD3d at 625; see Eschbach v Eschbach, 56 NY2d 167, 173). The court providently exercised its discretion in according relatively little weight to the child's preference, which was expressed when she was only nine years old, in relation to the other factors (see Matter of Lao v Gonzales, 130 AD3d at 625; Matter of West v Turner, 38 AD3d 673, 674).
The father's remaining contention is without merit.
CHAMBERS, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court