Matter of Vann v Ballinger (2019 NY Slip Op 05673)





Matter of Vann v Ballinger


2019 NY Slip Op 05673


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-07313
 (Docket No. V-1379-13/16E)

[*1]In the Matter of Curshelle D. Vann, appellant,
v
Johnny Ballinger, respondent.


Anne Letterio, Beacon, NY, for appellant.
Alex Smith, Middletown, NY, for respondent.
Kelli M. O'Brien, Goshen, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Orange County (Carol S. Klein, J.), entered May 10, 2018. The order, insofar as appealed from, after a hearing, denied those branches of the petition which were to modify a prior order of custody and parental access so as to award the petitioner sole custody of the parties' child and grant her permission to relocate with the child to New Mexico, or, in the alternative, to award her parental access in New Mexico.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties have one child in common, a daughter born in 2011. The respondent was awarded physical custody of the child in or around 2014, and the petitioner was awarded parental access every other weekend from Friday to Sunday, and every other Sunday from 10:00 a.m. to 6:00 p.m.
On or about October 18, 2016, the petitioner commenced this proceeding to modify the prior order of custody and parental access. The petitioner sought an award of sole custody and permission to relocate with the child to New Mexico, or, in the alternative, to have parental access to the child in New Mexico. The petitioner alleged that the respondent violated the prior order of custody and parental access.
At a hearing held over three days in February 2018, the petitioner admitted to having moved to New Mexico in January 2017, and that she had not seen the child in person since Christmas 2016. She testified that she understood before she left for New Mexico that her move would affect her court-ordered parental access to the child.
" An order of custody or [parental access] may be modified only upon a showing that there has been a subsequent change of circumstances such that modification is required to ensure the [*2]best interests of the child'" (Matter of Gansburg v Behrman, 167 AD3d 882, 883, quoting Matter of Bacchus v McGregor, 147 AD3d 1049, 1050 [internal quotation marks omitted]; see Matter of Newton v McFarlane, ___ AD3d ___, ___, 2019 NY Slip Op 04386, *4 [2d Dept 2019]; Matter of Errante v Murry, 172 AD3d 711, 712; Matter of Al-Dalali v Rivera, 171 AD3d 729, 731). "The court must determine whether the totality of the circumstances justifies modification" (Matter of Snowden v Snowden, 162 AD3d 675, 676; see Eschbach v Eschbach, 56 NY2d 167, 172; Matter of Dokmeci v Herbert, 167 AD3d 877, 878). "The factors to be considered include whether the alleged change in circumstances suggests that one of the parties is unfit to parent, the nature and quality of the relationships between the child and each of the parties, the ability of each parent to provide for the child's emotional and intellectual development, the parental guidance that the custodial parent provides for the child, and the effect an award of custody to one parent might have on the child's relationship with the other parent'" (Matter of Dokmeci v Herbert, 167 AD3d at 878, quoting Matter of Connolly v Walsh, 126 AD3d 691, 693). "[T]he court must also consider the stability and continuity afforded by maintaining the present arrangement'" (Matter of Dokmeci v Herbert, 167 AD3d at 878, quoting Matter of McDonough v McDonough, 73 AD3d 1067, 1068 [internal quotation marks omitted]). Since a custody and parental access determination "necessarily depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded the hearing court's findings in this regard, and its findings will not be disturbed unless lacking a sound and substantial basis in the record" (Matter of Dokmeci v Herbert, 167 AD3d at 878; see Matter of Estrada v Palacios, 148 AD3d 804).
Here, the petitioner failed to demonstrate a change in circumstances warranting a custody modification. The record reveals that any violations of the custody and parental access order by the respondent were not willful, as they were caused by transportation issues, lack of communication between the parties, or the petitioner's unavailability. Therefore, the petitioner failed to present sufficient evidence of parental alienation by the respondent to warrant a change of custody (see Matter of Vargas v Gutierrez, 155 AD3d 751, 753; Matter of Sanders v Jaco, 148 AD3d 812, 813-814).
Furthermore, there was a sound and substantial basis in the record to deny the petitioner parental access in New Mexico based upon, inter alia, an incident in December 2016 when she refused to return the child to the respondent.
In light of the foregoing, we need not reach the petitioner's remaining contention.
LEVENTHAL, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court