Matter of Pryne v Pryne (2020 NY Slip Op 06269)





Matter of Pryne v Pryne


2020 NY Slip Op 06269


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-08606
 (Docket Nos. V-3011-14, V-3013-14)

[*1]In the Matter of Scott H. Pryne, petitioner,
v
Jennifer J. Pryne, respondent-respondent; Abigail P. (Anonymous), et al., nonparty-appellants, Jake P. (Anonymous), nonparty-respondent.


Pat Bonanno, White Plains, NY, attorney for the children Abigail P. and Neal P., the nonparty-appellants.
Bloom & Bloom, P.C., New Windsor, NY (Peter E. Bloom of counsel), for respondent-respondent.
Robert M. Rametta, Goshen, NY, attorney for the child Jake P.
Joseph J. Artrip, Cornwall, NY, for petitioner.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the children Abigail P. and Neal P. appeal from an order of the Family Court, Orange County (Lori Currier Woods, J.), dated June 19, 2019. The order, insofar as appealed from, after a hearing, denied the father's petition for sole physical custody of the subject children, and modified a prior order of the same court, dated December 11, 2014, by awarding the mother sole legal and physical custody of the subject children, with liberal parental access to the father.
ORDERED that the order dated June 19, 2019, is affirmed, without costs or disbursements.
The parties, who are divorced, have three children in common: Neal P., who was born in 2003, Abigail P., who was born in 2004, and Jake P., who was born in 2008. Pursuant to an order of custody and visitation dated December 11, 2014 (hereinafter the 2014 order), the parties shared joint legal custody of the subject children, with the mother having physical custody and final decision-making authority. In 2018, the father petitioned for modification of the 2014 order so as to award him physical custody of the three children, based upon the alleged preferences of the subject children. Following a hearing, the Family Court determined that there had been a sufficient change of circumstances to warrant a modification of the 2014 order, and, inter alia, granted the mother sole legal and physical custody of the subject children, with liberal parental access to the father. Neal and Abigail appeal.
In order to modify an existing custody arrangement, there must be a showing of a change of circumstances such that modification is required to protect the best interests of the children (see Matter of Newton v McFarlane, 174 AD3d 67; Matter of Vargas v Gutierrez, 155 AD3d 751, 752; Matter of Lao v Gonzales, 130 AD3d 624, 624-625; Matter of Fallarino v Ayala, 41 AD3d 714, [*2]714). Since the Family Court's custody determination is largely dependent upon an assessment of the credibility of witnesses and upon the character, temperament, and sincerity of the parents, the court's custody determination should not be set aside unless it lacks a sound and substantial basis in the record (see Matter of Vargas v Gutierrez, 155 AD3d at 753; Matter of Lao v Gonzales, 130 AD3d at 625; Matter of Ross v Ross, 86 AD3d 615, 616).
Here, the Family Court's determination is supported by a sound and substantial basis in the record. The mother has been the custodial parent for all three children for a significant amount of time. Moreover, although Neal and Abigail have expressed a preference for granting the father sole custody, Jake has expressed a preference for remaining in the mother's custody. "'Courts will not disrupt sibling relationships unless there is an overwhelming need to do so'" (Matter of Plissner v Louie, 174 AD3d 618, 620, quoting Matter of Shannon J. v Aaron P., 111 AD3d 829, 831). "Moreover, 'a child's preference is not determinative and, in weighing this factor, the court must consider the age and maturity of the child'" (Matter of Plissner v Louie, 174 AD3d at 620, quoting Matter of Lao v Gonzales, 130 AD3d at 625; see Eschbach v Eschbach, 56 NY2d 167, 173). Under the circumstances of this case, where, inter alia, the teenaged children Neal and Abigail apparently sought a change of physical custody to the father in order to escape from the more structured constraints imposed by the mother to the more indulgent parenting style of the father, the court providently exercised its discretion in according relatively little weight to the preferences of Neal and Abigail, in relation to the other relevant factors (see Matter of Plissner v Louie, 174 AD3d at 620; Matter of Lao v Gonzales, 130 AD3d at 625). Furthermore, given the evidence adduced demonstrating the parties' inability to coparent, as well as, inter alia, the father's tendency to undermine the mother's authority and to position himself more as a peer than a parent with respect to the subject children, the court also providently determined that it was in the best interest of the subject children to grant sole legal and physical custody of the children to the mother.
MASTRO, J.P., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court